IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SPANSION INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No.: 09-10690 (KJC) <br> Jointly Administered <br><br> **Related Docket Nos.: 1213, 1657, 1698, 2132, 2141, 2142, 2152, 2163, 2171, 2340** |
| In re: <br><br> SPANSION JAPAN LIMITED, <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No.: 09-11480 (KJC) <br> Jointly Administered <br><br> **Related Docket No.: 98** |

## ORDER PURSUANT TO 11 U.S.C. § 105, 363, 1501 AND 1521 AND FED. R. BANKR. P. 6004 AND 9019 APPROVING SETTLEMENT BETWEEN SPANSION LLC AND SPANSION JAPAN

On January 15, 2010, the above-captioned debtors and debtors-in-possession in chapter 11 cases jointly administered under Case No. 09-10690 (KJC) (the "Debtors") and Spansion Japan Limited ("Spansion Japan"), debtor in foreign proceeding under Case No. 09-11480 (KJC) (the "Chapter 15 Proceeding") filed a motion (the "Motion") for entry of an order, under sections 105, 363, 1501 and 1521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing Debtor Spansion LLC and chapter 15 debtor Spansion Japan to (I) enter into a settlement (the "Settlement"), reflected in the Term Sheet attached hereto as

---

[1] The Debtors in these cases are Spansion Inc., Spansion Technology LLC, Spansion LLC, Cerium Laboratories LLC, and Spansion International, Inc.

1

Exhibit A (the "Term Sheet") comprised of a series of agreements (the "Definitive Agreements") with Spansion Japan, including, but not limited to, (a) a Foundry Agreement (the "Foundry Agreement"), substantially in the form attached hereto as Exhibit B; (b) a License Agreement (the "License Agreement"), substantially in the form attached hereto as Exhibit C; (c) a Transition Services Agreement (the "Transition Services Agreement"), substantially in the form attached hereto as Exhibit D; (d) a Bailment Agreement (the "Bailment Agreement"), substantially in the form attached hereto as Exhibit E, and (e) the Term Sheet; and (II) fund and cause Spansion LLC's new Japanese subsidiary, Spansion Nihon Limited ("Spansion Nihon"), to purchase Spansion Japan's Kawasaki distribution and research and development business (the "Kawasaki Business"). It appearing that the relief requested by the Motion is in the best interests of the Debtors and Spansion Japan, their estates, their creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334;

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue in this district is proper under 28 U.S.C. §§ 1408, 1409 and 1410;

C. Proper and adequate notice of the Motion, the Definitive Agreements and the hearing thereon has been given, and no other or further notice is necessary;

D. Spansion Japan has sought to obtain authorization from the Tokyo District Court in Spansion Japan's corporate reorganization proceeding in Japan (the "Japanese Proceeding") to enter into and consummate the Settlement, and anticipates that the Tokyo District Court (the "Tokyo Court") will grant Spansion Japan authorization to enter into the

2

Settlement, execute the Definitive Documents and consummate the transactions contemplated thereby;

E. GE Financial Services Corporation ("GE"), for itself and as agent for a syndicate of secured lenders (the "SJL Secured Lenders") in the Japanese Proceeding, has consented to the Settlement consistent with the Term Sheet, conditioned upon (a) this Court's approval of the Settlement and (b) approval of its own term sheet with Spansion Japan, attached hereto as Exhibit F, as same may be modified by agreement of Spansion Japan and the SJL Lenders (the "GE Term Sheet"), by the Tokyo Court in the Japanese Proceeding;

F. Resolution of the disputes of the parties, including the resolution of Spansion Japan's asserted administrative expense under section 503(b) of the Bankruptcy Code in excess of $415,000,000 (the "Administrative Expense") on the terms set forth in the Definitive Agreements is a reasonable exercise of the Debtors' sound business judgment and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and

G. Approval of the Settlement will permit Spansion Japan to reorganize its business in the Japanese Proceeding and is therefore consistent with the stated goals of section 1501(a) of the Bankruptcy Code by: (i) fostering the fair and efficient administration of the Japanese Proceeding by protecting the interests of all creditors and other interested parties, including Spansion Japan, (ii) protecting and maximizing the value of Spansion Japan's assets and (iii) facilitating the rescue of Spansion Japan's business, thereby protecting investment and employment; and it is therefore

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED in all respects and the Settlement is APPROVED.

3

2. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order and the Settlement. In addition, the Debtors are directed, upon the occurrence of the effective date of the Second Amended Plan of Reorganization, as it may be amended, (the "Plan"), to fund the purchase of and cause Spansion Nihon to take all actions necessary to consummate the acquisition of the Kawasaki Business consistent with the Term Sheet and the Definitive Agreements.

3. The Debtors are authorized to execute, deliver and perform under any documents necessary or desirable to consummate the Definitive Agreements and to take such other action that is consistent with the Motion, the Term Sheet and the Definitive Agreements. If the Debtors fail to enter into the Definitive Agreements or cause Spansion Nihon to consummate the purchase of the Kawasaki Business consistent with the terms in the Term Sheet, then there shall be no settlement of Spansion Japan's Administrative Expense.

4. Subject to confirmation of a plan of reorganization by the Debtors, the Debtors shall pay to Spansion Japan the sum of $45,000,000 (the "Settlement Payment"), payable as follows: $10,000,000 on March 31, 2010, $12,500,000 on June 30, 2010, $12,500,000 on September 30, 2010, and $10,000,000 on December 31, 2010. The Settlement Payment shall be in consideration of, among other things, the settlement of Spansion Japan's Administrative Expense including as set forth in Spansion Japan's Motion for Entry of an Order Allowing Certain Claims as an Administrative Expense and Directing Payment of Same (Docket No. 1698). In addition, the Debtors are hereby authorized and directed to pay any other amounts due or required to be paid to Spansion Japan under, and in accordance with the terms of, the Definitive Agreements. Except as otherwise provided herein, subject to the receipt of the Settlement Payment, all accounts payable and accounts receivable between Spansion Japan and

Spansion LLC for any and all activities, including, but not limited to, foundry, distribution, and research and development, before October 27, 2009 shall be considered settled as of October 27, 2009. If the Settlement Payment is not paid for any reason, including the failure to confirm a plan of reorganization that directs such payment to be made on terms consistent with the Settlement, then there shall be no settlement of Spansion Japan's Administrative Expense.

5. Spansion LLC, subject to confirmation of a plan of reorganization by the Debtors, shall pay the sum of $5 million to Spansion Japan as consideration for the provision of certain technical information to the Debtors as provided in the Term Sheet. No such technical information shall be provided to the Debtors unless and until the $5 million is paid.

6. Notwithstanding anything herein to the contrary and for the avoidance of doubt, any amounts due between Spansion Japan and Spansion LLC for the period of October 27, 2009 through and including January 29, 2010 (the "Post-October 27, 2009 Amounts"), are not resolved pursuant to this Order and shall be resolved and netted in accordance with the various agreements between the parties and any net amount paid by the applicable party in accordance with the terms of the purchase orders governing such period. In the event that there are any Post-October 27, 2009 Amounts due and owing to Spansion Japan, such amounts are hereby allowed as an administrative expense under section 503(b) of the Bankruptcy Code in the Debtors' chapter 11 cases and shall be paid to Spansion Japan on or before the effective date of the Debtors' plan of reorganization.

7. With regard to the claims of Spansion LLC against Spansion Japan arising prior to February 9, 2009 (the "Spansion LLC Prepetition Claims"), Spansion LLC is hereby authorized and directed to vote such claims in favor of Spansion Japan's plan of reorganization consistent with the terms herein; provided, however, that Spansion LLC shall not be entitled to

5

receive any distribution on account of such claims. Except as set forth and subject to the satisfaction of the conditions set forth herein, all claims of Spansion Japan and Spansion LLC against each other shall be expunged, released and satisfied.

8. Notwithstanding anything herein to the contrary, (a) Spansion Japan shall retain its rejection damage claims against Spansion LLC in respect of the rejection of the Second Amended Foundry Agreement or the rejection of any other executory contract or agreement between Spansion LLC and Spansion Japan (collectively, the "Rejection Damage Claims"); (b) Spansion LLC (on behalf of itself and its bankruptcy estate) shall retain all of its rights and defenses against the Rejection Damage Claims, including, but not limited to, (x) any liability that Spansion Japan may have to Spansion LLC under chapter 5 of the Bankruptcy Code and (y) its right to argue that it is entitled to reduce the Rejection Damages Claims by up to $85 million on account of the Spansion LLC Prepetition Claims; and (c) Spansion Japan shall retain all of its rights and defenses to oppose any claim or defense to the Rejection Damage Claims, including, but not limited to, under chapter 5 of the Bankruptcy Code or Spansion LLC's alleged right to reduce the Rejection Damage Claims by up to $85 million on account of the Spansion LLC Prepetition Claims by Spansion LLC or any other party in interest in Spansion LLC's bankruptcy case.

9. Spansion LLC shall support Spansion Japan's reorganization plan in the Japanese Proceeding provided it is consistent in all respects with this Order, and Spansion LLC shall not file any pleading, motion or request for relief in the Japanese Proceeding with respect to Spansion Japan's plan of reorganization without the prior written consent of Spansion Japan. With regards to Spansion LLC's plan of reorganization, Spansion Japan shall be entitled to take any action or file any motion, pleading or response to the plan, including, without

limitation, to address the plan's current classification and treatment of Spansion Japan's Rejection Damage Claims against Spansion LLC, as well as the alleged failure of such plan to establish a reserve for Spansion Japan's Rejection Damage Claims, and the Debtors and any party in interest in the Debtors' cases shall be entitled to respond thereto.

10. In the event that Spansion LLC modifies its plan (a) to include the relevant provisions approved herein and (b) to treat all of Spansion Japan's Rejection Damage Claims as Class 5 general unsecured claims under the plan and provides Spansion Japan a reserve for the full amount of all such Rejection Damage Claims (as agreed by Spansion Japan), and in the event that Spansion LLC circulates to Spansion Japan an approved disclosure statement with respect to its plan that is consistent with all respects with the foregoing, Spansion Japan shall support confirmation of Spansion LLC's plan of reorganization and Spansion Japan will not file any pleading, motion or request for relief with respect to the Debtors' plan of reorganization without the prior written consent of Spansion LLC.

11. As of the first date that both (a) the Tokyo Court shall have approved the GE Term Sheet and (b) either (i) the order confirming the Debtors' Plan becomes a Final Order (as defined in the Plan) or (ii) the Effective Date of the Plan (as defined therein) shall have occurred, GE shall withdraw all claims and pending pleadings or papers in the Debtors' chapter 11 cases; provided, however, that (x) such withdrawal does not affect, waive, or release any of GE's rights under the GE Term Sheet, including its rights to cooperate in Spansion Japan's prosecution of its Rejection Damage Claims, including without limitation the classification and treatment of such Rejection Damage Claims under the Plan, and (y) such withdrawal shall be without prejudice if any situation arises where Spansion Japan's Administrative Expense is not settled, and (z) nothing in the Settlement, the Definitive Agreements, the GE Term Sheet, or this

Order shall affect, modify or release any claims of any of GE's affiliated entities against the Debtors or Spansion Japan unrelated to the Settlement.

12. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to this Order. With regard to the Definitive Agreements, this Court and the Tokyo District Court shall each retain jurisdiction to resolve any dispute arising from or relating to the Definitive Agreements.

13. A copy of the order or writing entered by the Tokyo District Court authorizing Spansion Japan to enter into the Settlement and the Definitive Agreements shall be filed in Spansion Japan's chapter 15 case for the purposes of recognition in accordance with chapter 15 of the Bankruptcy Code.

14. Notwithstanding any Bankruptcy Rules to the contrary, this Order shall take effect immediately upon entry.

Dated: Wilmington, Delaware
      January 29, 2010

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge