# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SPANSION INC., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No.: 09-10690 (KJC)<br>Jointly Administered<br>Related to D.I. 2248, 2291, 2317, 2379 |

## FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 364 (I) AUTHORIZING THE DEBTORS TO (I) ENTER INTO A SENIOR SECURED DEBT FACILITY WITH BARCLAYS CAPITAL AND MORGAN STANLEY SENIOR FUNDING, INC. AS JOINT LEAD ARRANGERS AND BARCLAYS BANK PLC AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT, (II) PAY CERTAIN FEES AND EXPENSES IN CONNECTION THEREWITH, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

Upon consideration of the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 105, 363 and 364 (I) Authorizing The Debtors To Enter Into a Senior Secured Debt Facility With Barclays Capital and Morgan Stanley Senior Funding, Inc. as Joint Lead Arrangers and Barclays Bank PLC as Administrative Agent and Collateral Agent, (II) Pay Certain Fees and Expenses in Connection Therewith and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 2248] (the "**Motion**")[2]; and upon consideration of the limited objection to the Motion filed by International Business Machines Corporation ("IBM") [Docket No. 2317] (the "**Limited Objection**"); and the Court having held a hearing on January 20, 2010 (the "**Interim Hearing**"); and the Court having entered the *Interim Authorizing The Debtors To (I) Enter Into A Senior Secured Debt Facility With Barclays Capital And Morgan Stanley Senior Funding, Inc. As Joint Lead Arrangers And Barclays Bank PLC As Administrative Agent And*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Spansion Inc., a Delaware corporation (8239); Spansion Technology LLC, a Delaware limited liability company (3982); Spansion LLC, a Delaware limited liability company (0482); Cerium Laboratories LLC, a Delaware limited liability company (0482), and Spansion International, Inc., a Delaware corporation (7542). The mailing address for each Debtor is 915 DeGuigne Dr., Sunnyvale, CA 94085.

*Collateral Agent, (II) Pay Certain Fees And Expenses In Connection Therewith, and (III) Scheduling a Final Hearing* [D.I. 2379] (the "**Interim Order**"); and a further hearing on the Motion having been held before this Court on February 12, 2010 (the "**Final Hearing**"); and this Court having considered the Motion, all pleadings related thereto, and the record made by the Debtors at the Interim Hearing and the Final Hearing; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:[3]

A. Petition and Joint Administration. On March 1, 2009 (the "**Petition Date**"), each Debtor filed a voluntary petition under chapter 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 4, 2009, the Court entered an order directing the joint administration of the Chapter 11 Cases under the case of Spansion Inc., Case No. 09-10690 [D.I. 58].

B. Jurisdiction and Venue. The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (D) and (M). Venue of the Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Notice. Notice of the Motion, the Final Hearing and the relief granted under this Order (the "**Final Order**") has been given by the Debtors pursuant to Rules 4001(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

D. Plan of Reorganization. On December 18, 2009, the Court entered an order

---

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact pursuant to Bankruptcy Rule 7052.

LA\2062857.2

[D.I. 2042] approving the disclosure statement for the *Debtors' Second Amended Joint Plan of Reorganization Dated December 16, 2009* [D.I. 1919] (the "**Plan**"). A hearing to consider confirmation of the Plan has been scheduled to commence on February 11, 2010, at 10:00 a.m.

E. Mandate Letter. The Debtors have entered into a mandate letter (the "**Mandate Letter**") with Barclays Capital, Inc under which the Debtors have engaged Barclays Capital, the investment banking division of Barclays Bank PLC .("**Barclays**") to act as sole bookrunner, administrative agent and sole lead arranger to structure, arrange and syndicate approximately $450 million of debt financing. Subsequently, the parties agreed to add as an arranger of such financing Morgan Stanley Senior Funding, Inc. ("**Morgan Stanley**" and with Barclays, the "**Arrangers**").

F. Senior Debt Facility. The Arrangers have agreed to structure, arrange and syndicate a $450,000,000 Senior Secured Term Loan Facility (the "**Senior Debt Facility**") to be provided by lenders (the "**Lenders**") under binding transaction documents (the "**Credit Documents**") and to have the terms and conditions substantially as set forth in the Summary Term Sheet (the "**Term Sheet**") annexed hereto. The proceeds of the Senior Debt Facility (the "**Facility Proceeds**") will be available to the Debtors only upon the occurrence of certain conditions precedent, including the Debtors' emergence from bankruptcy, in order to fund certain payments required under the Plan if confirmed. The Debtors have also entered into the Fee Letter, dated January 11, 2010 (the "**Fee Letter**") with the Arrangers pursuant to which, among other things, Morgan Stanley was engaged as an "Arranger," the Debtors must pay certain fees and expenses of, and provide certain indemnities to, the Arrangers in connection with their services for arranging the Senior Debt Facility.

G. Need for Senior Debt Facility. The Debtors have demonstrated that they require the Senior Debt Facility in order to emerge from bankruptcy under the Plan.

H. No Alternative Financing. The Debtors have demonstrated that they are unable to

3

procure financing for the Plan in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code, as an administrative expense under section 364(a) or (b) of the Bankruptcy Code, without granting the Liens and Superpriority Claims (each as defined below). Additionally, the Debtors have been unable to procure the necessary financing on terms more favorable than those proposed under the Senior Debt Facility. The terms of the Senior Debt Facility, as set forth in the Term Sheet, and the payment of fees and expenses and provision of certain indemnities to the Arrangers under the Fee Letter are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and consideration. The Term Sheet and Fee Letter are the product of extensive negotiations conducted in good faith and at arm's length among the Debtors and the Arrangers.

I. <u>Best Interests of Estates</u>. The Debtors have demonstrated that it is in the best interests of the Debtors, their estates and creditors to enter into the Senior Debt Facility, having the terms and conditions set forth in the Term Sheet, and incur and pay the fees and expenses set forth in the Fee Letter.

Based upon the foregoing, and after due consideration and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Motion is Granted</u>. The Motion is granted on a final basis on the terms set forth in this Final Order.

2. <u>Credit Documents</u>. The Debtors are hereby authorized and directed to enter into, execute, deliver, perform, and comply with all of the terms, conditions and covenants of the Fee Letter and Credit Documents and any related instruments and documents that the Debtors determine are appropriate and the Arrangers or the administrative agent (the "**<u>Administrative</u>**

**Agent**") for the Lenders of the Senior Debt Facility determine to be reasonably required or necessary for the Debtors' performance of their obligations under the Senior Debt Facility.

3. <u>Credit Documents and Fee Letter are Enforceable</u>. Upon execution and delivery, the Credit Documents shall be approved to the extent necessary to implement the terms and provisions of this Final Order, and the Credit Documents shall constitute valid and binding obligations of the Debtors, enforceable against the Debtors in accordance with the terms of this Final Order and the Credit Documents. No obligation, payment, transfer or grant of security under the Credit Documents or this Final Order shall be stayed, voidable, avoidable, or recoverable under the Credit Documents or under any applicable non-bankruptcy law (including without limitation, under sections 502(d) and 548 of the Bankruptcy Code or under any applicable state uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim.

4. <u>Payments and Application of Payments</u>. The Debtors are authorized and directed to make all payments and transfers of estate property to the Arrangers and Lenders as provided, permitted and/or required under the Fee Letter and Credit Documents, which payments and transfers shall not be avoidable or recoverable from the Arrangers or any Lender under sections 547, 548, 550, 553 or any other section of the Bankruptcy Code, or any other claim, charge, assessment or other liability, whether by application of the Bankruptcy Code, other law or otherwise. Without limiting the generality of the foregoing, the Debtors are authorized and directed, without further order of the Court, to pay or reimburse the Arrangers and Lenders for all present and future costs and expenses, including, without limitation, all professional fees, consultant fees and legal fees and expenses paid or incurred by the Arrangers or Lenders in connection with the financing transactions as provided in this Final Order, the Term Sheet, the Fee Letter and the Credit Documents.

5

5. <u>Facility Proceeds</u>. Until all conditions precedent set forth under the Credit Documents have been satisfied or waived in accordance with the terms thereof, including without limitation, that an order confirming the Plan shall have become a Final Order (as defined in the Term Sheet), the Debtors, their estates and creditors shall have no rights whatsoever to the Facility Proceeds, including interest earned on such Facility Proceeds, except to certify that any conditions under the Plan which require such Facility Proceeds to have been deposited in the Escrow Account (as defined in the Term Sheet) have been satisfied or waived in accordance with the terms thereof.

6. <u>Superpriority Administrative Expense</u>. For all amounts owing the Arrangers and the Lenders under the Credit Documents and Fee Letter, including Interest owed under the Credit Documents to the Lenders accruing from the date that the Facility Proceeds are deposited in the Escrow Account until such date that the Facility Proceeds are either paid to the reorganized Debtors or returned to the Lenders, the Arrangers and Lenders are granted an allowed superpriority administrative claim pursuant to section 364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other obligations, liabilities and indebtedness of the Debtors, whether now in existence or hereafter incurred by the Debtors, and over any and all administrative expenses or priority claims of the kind specified in, or ordered pursuant to, inter alia sections 105, 326, 328, 330, 331, 364(c)(1), 503(b), 506(c), 507(a), 507(b), 546(c), 726, 1113 or 1114 of the Bankruptcy Code (the "**<u>Superpriority Claim</u>**"), whether or not such expenses or claims may become secured by a judgment or other lien or other non-consensual lien, levy or attachment; provided that, notwithstanding the foregoing or anything else contained in this Final Order, the Superpriority Claim shall be junior and subordinate to the Prepetition Lender Superpriority Claim and the Noteholder Superpriority Claim as those terms are defined in the "Final Order (A) Authorizing Debtors to Use Cash Collateral and (B) Granting Adequate Protection to the Debtors' Prepetition Secured Parties" [D.I. 491].

7. <u>Liens Senior to Certain Other Liens</u>. The interest of and first priority liens granted to the Arrangers and Lenders on the amounts on deposit in the Escrow Account (the "**Liens**") shall not be (i) subject or subordinated to (A) any lien or security interest that is avoided and preserved for the benefit of the Debtors and their Estates under section 551 of the Bankruptcy Code or (B) any liens arising after the Petition Date or (ii) subordinated to or made pari passu with any lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise. Nothing herein is intended to restrict or limit the security interests and liens granted to the Lenders and the collateral agent designated in the Credit Documents (the "**Collateral Agent**") after the conditions precedent to the release of the Facility Proceeds to the reorganized Debtors are satisfied, at which time the Lenders and Collateral Agent shall have the additional liens, claims and interests set forth in the Credit Documents.

8. <u>Postpetition Lien Perfection</u>. This Final Order shall be sufficient and conclusive evidence of the priority, perfection and validity of the Liens upon and the rights of the Arrangers and Lenders to all amounts in the Escrow Account without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the Collateral, or other act to validate or perfect such security interest or lien (a "**Perfection Act**"). Notwithstanding the foregoing, if the Collateral Agent shall, in its sole discretion, elect for any reason to file, record or otherwise effectuate any Perfection Act, the Collateral Agent is authorized to perform such act, and the Debtors are authorized and directed to perform such act to the extent necessary or required by the Collateral Agent, which act or acts shall be deemed to have been accomplished as of the date and time of entry of this Final Order notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file or record any document in regard to such act in accordance with applicable law. The Collateral Agent may choose to file, record or present a certified copy of this Final Order in the same manner as a Perfection Act, which shall be

7

tantamount to a Perfection Act, and, in such event, the subject filing or recording office is authorized to accept, file or record such certified copy of this Final Order in accordance with applicable law. Should the Collateral Agent so choose and attempt to file, record or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the Liens granted herein by virtue of the entry of this Final Order.

9. <u>Nullifying Restrictions to Senior Debt Facility</u>. Notwithstanding anything to the contrary contained in any agreement, contract, lease, document, note or instrument to which any Debtor is a party or under which any Debtor is obligated, except as otherwise permitted under the Credit Documents, any provision that restricts, limits or impairs in any way any Debtor from granting the Collateral Agent or Lenders security interests in or Liens upon the Facility Proceeds under the Credit Agreements or this Final Order, or otherwise entering into and complying with all of the terms, conditions and provisions hereof or in the Credit Documents shall not (i) be effective and/or enforceable against any such Debtor(s), the Collateral Agent and Lenders or (ii) adversely affect the validity, priority or enforceability of the Liens, security interests, claims, rights, priorities and/or protections granted to the Collateral Agent and Lenders pursuant to this Final Order or the Credit Documents.

10. <u>Events of Default</u>. Upon the occurrence of the Termination Date, as defined in the Term Sheet, an Event of Default described in paragraph 14 below or if the Debtors fail to obtain a final order approving the Senior Debt Facility, in form and substance acceptable to the Arrangers or the Administrative Agent, as applicable, prior to February 12, 2010, the Facility Proceeds shall be returned to the Lenders without further order of this Court.

11. <u>Payments Free and Clear</u>. Any and all payments or proceeds remitted to the Arrangers or Lenders pursuant to the provisions of this Final Order or any subsequent order of this Court shall be received free and clear of any claim, charge, assessment or other liability.

8

LA\2062857.2

12. <u>Relief from Automatic Stay</u>. The automatic stay provisions of section 362 of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable law are hereby modified and vacated without further notice, application or order of the Court to the extent necessary to permit the Arrangers, Lenders, Collateral Agent, Administrative Agent and/or any other agent appointed pursuant to the terms of the Credit Documents to perform any act authorized or permitted under or by virtue of this Final Order or the Credit Documents, including, without limitation, (a) to implement the Credit Documents authorized by this Final Order, (b) to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Facility Proceeds and (c) to assess, charge, collect, advance, deduct and receive proceeds and payments with respect to the Senior Debt Facility and Fee Letter, including, without limitation, all interests, fees, costs and expenses permitted under the Credit Documents, and apply such payments to the obligations owing pursuant to the Credit Documents and this Final Order.

13. <u>No Senior Claims or Liens</u>. No claim or lien having a priority senior to or pari passu with those granted by this Final Order to the Arrangers, Lenders and Collateral Agent shall be granted against the Facility Proceeds while the Facility Proceeds remain in the Escrow Account and the Liens granted hereunder and the Credit Documents shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Estates under section 551 of the Bankruptcy Code or subordinated to or made pari passu with any other lien or security Interests, whether under section 364(d) of the Bankruptcy Code or otherwise.

14. Unless all obligations under the Credit Documents and Fee Letter shall have been indefeasibly paid in full in cash, the Debtors shall not seek, and it shall constitute an Event of Default under the Credit Documents and this Final Order if any of the Debtors seek, or if there is entered, without the prior written consent of the Arrangers or the Administrative Agent, as applicable, and no such consent shall be implied by any other action, inaction or acquiescence by

9

such parties, (i) any modification of this Final Order or (ii) an order converting or dismissing any of the Cases. If an order dismissing any of the Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (A) the Liens and the Superpriority Claim granted pursuant to this Final Order shall continue in full force and affect and shall maintain their priorities as provided in this Final Order until all amounts owing under the Senior Debt Facility or Fee Letter shall have been paid and satisfied in full (and that such Liens and the Superpriority Claim shall, notwithstanding such dismissal, remain binding on all parties in interest) and (B) this Court shall retain jurisdiction notwithstanding such dismissal for the purposes of enforcing the claims, Liens and security interests referred to in clause (A) above.

15. Except as expressly provided in this Final Order or in the Credit Documents, the Liens and the Superpriority Claim granted by this Final Order and the other rights and remedies of the Arrangers and Lenders granted by this Final Order and the Credit Documents shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of the Cases to a case under chapter 7 of the Bankruptcy Code, dismissing any of the Cases or by any other act or omission, or (ii) the entry of an order confirming a plan of reorganization in any of the Cases, and the Liens, the Superpriority Claims and the other administrative claims granted pursuant to this Final Order, and all other rights and remedies of the Arrangers, Lenders, the Collateral Agent, the Administrative Agent and any other agent appointed pursuant to the terms of the Credit Documents granted by this Final Order and the Credit Documents shall continue in full force and effect.

16. <u>No Modification or Stay of this Final Order</u>. Notwithstanding (i) any stay, modification, amendment, supplement, vacation, revocation or reversal of this Final Order, the Credit Documents or any term hereunder or thereunder, or (ii) the dismissal or conversion of one or more of the Cases (each, a "**Subject Event**"), (x) the acts taken by the Arrangers, Lenders,

Collateral Agent, the Administrative Agent and/or any other agent appointed pursuant to the terms of the Credit Documents in accordance with this Final Order, and (y) amounts owed under the Senior Debt Facility and Fee Letter incurred or arising prior to the Arrangers or any agents actual receipt of written notice from the Debtors expressly describing the occurrence of such Subject Event shall, in each instance, be governed in all respects by the original provisions of this Final Order, and the acts taken by the Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents and this Final Order, and the Liens granted to the Collateral Agent and the Lenders under this Final Order, and all other rights, remedies, privileges, and benefits in favor of the Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents pursuant to this Final Order and the Credit Documents shall remain valid and in full force and effect pursuant to section 364(e) of the Bankruptcy Code. For purposes of this Final Order, the term "appeal," as used in section 364(e) of the Bankruptcy Code, shall be construed to mean any proceeding for reconsideration, amending, rehearing, or re-evaluating this Final Order by this Court or any other tribunal.

17. **Power to Waive Rights; Duties to Third Parties.** The Arrangers and the Administrative Agent shall have the right to waive any of the terms, rights and remedies provided or acknowledged in this Final Order in respect of such parties (the "**Lender Rights**"), and shall have no obligation or duty to any other party with respect to the exercise or enforcement, or failure to exercise or enforce, any Lender Right(s). Any waiver by Arrangers or Administrative Agent shall not be or constitute a continuing waiver. Any delay in or failure to exercise or enforce any Lender Right shall neither constitute a waiver of such Lender Right, subject the Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents to any liability to any other party, nor cause or enable any other party to rely upon or in any way seek to assert as a defense to any obligation owed by the

11

Debtors to Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents.

18. Binding Effect. The provisions of this Final Order, the Credit Documents, the Superpriority Claim and any and all rights, remedies, privileges and benefits in favor of the Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents provided or acknowledged in this Final Order, and any actions taken pursuant thereto, shall be effective immediately upon entry of this Final Order pursuant to Bankruptcy Rules 6004(g) and 7062, shall continue in full force and effect, and shall survive entry of any such other order, including without limitation any order which may be entered confirming any plan of reorganization, converting one or more of the Cases to any other chapter under the Bankruptcy Code, or dismissing one or more of the Cases. This Final Order shall be binding upon the Debtors, all parties in interest in the Cases and their respective successors and assigns, including any trustee or other fiduciary appointed in the Cases or any subsequently converted bankruptcy case(s) of any Debtor. This Final Order shall also inure to the benefit of the Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents, the Debtors and their respective successors and assigns.

19. Modifications to Final Order or Credit Documents. In the event this Court modifies any of the provisions of this Final Order or the Credit Documents following a Final Hearing, (a) such modifications shall not affect the rights or priorities of the Arrangers, Lenders, Collateral Agent and/or any other agent appointed pursuant to the terms of the Credit Documents, with respect to any amounts owed to the Arrangers, Lenders, Administrative Agent or any other agent appointed pursuant to the Credit Documents, as a result of actions taken, advances made (including payment of the Facility Proceeds to the Escrow Account), obligations and expenses incurred by the Arrangers, Lenders, Administrative Agent or any other agent appointed pursuant to the Credit Documents, under this Final Order, Term Sheet, Fee Letter or

12

Credit Documents prior to such modifications, and (b) this Final Order shall remain in full force and effect except as specifically amended or modified at such Final Hearing.

20. <u>Reliance of Arrangers and Lenders</u>. All postpetition advances and other financial accommodations under the Credit Documents, and actions taken by the Arrangers under the Mandate Letter, Term Sheet and Fee Letter are made in reliance on this Final Order and there shall not at any time (other than after indefeasible payment of all amounts owed to the Arrangers, Lenders, and the Collateral Agent, the Administrative Agent in full in cash) be entered in the Case, or in any subsequently converted case under Chapter 7 of the Bankruptcy Code, any order (other than the Final Order) which (a) authorizes use of the Facility Proceeds except as expressly permitted hereunder or under the Credit Documents, (b) authorizes under section 364 of the Bankruptcy Code the obtaining of credit or the incurring of indebtedness secured by a lien or security interest which is equal or senior to a lien or security interest in property in which the Arrangers, Lenders or Collateral Agent hold a lien or security interest, or which is entitled to priority administrative claim status which is equal or superior to that granted to the Arrangers, Lenders or Collateral Agent herein; unless, in each instance (1) the Arrangers and the Collateral Agent shall have given their express prior written consent with respect thereto, no such consent being implied from any other action, inaction or acquiescence by any of such parties or (ii) such other order requires that all obligations owed under the Senior Debt Facility and Fee Letter shall first be indefeasibly paid and satisfied in accordance with their terms, including, without limitation, all debts and obligations of the Debtors to the Arrangers, Lenders, the Administrative Agent and the Collateral Agent which arise or result from the obligations, loans, security interests and lien authorized herein, on terms and conditions acceptable to the Arrangers and the Administrative Agent. The security interests, Liens and the Superpriority Claim granted to or for the benefit of the Arrangers, Lenders and Administrative Agent hereunder and the rights of the such parties pursuant to this Final Order and the Credit Documents with respect to the Senior

13

Debt Facility and Fee Letter are cumulative and shall not be altered, modified, extended, impaired, or affected by any plan of reorganization or liquidation of the Debtors.

21. <u>Marshalling</u>. In no event shall the Arrangers, Lender or Collateral Agent be subject to the equitable doctrine of "marshalling" or any similar doctrine with respect to the Collateral.

22. <u>Term: Termination</u>. Notwithstanding any provision of this Final Order to the contrary, the term of the Senior Debt Facility authorized by this Final Order may be terminated pursuant to and in accordance with the terms of the Credit Documents.

23. <u>Limited Effect</u>. In the event of a conflict between the terms and provisions of any of the Credit Documents and this Final Order, the terms and provisions of this Final Order shall govern, interpreted as most consistent with the terms and provisions of the Credit Documents.

24. <u>IBM's Limited Objection</u>. No security interest granted herein will be granted in the Patent Cross License Agreement by and between IBM and Spansion LLC (the "IBM Agreement") or in the Debtor's other intellectual property subject to the IBM Agreement in contravention of the terms of the IBM Agreement.

25. <u>Objections Overruled</u>. All objections to the entry of this Final Order are, to the extent not withdrawn or otherwise addressed by this Final Order, hereby overruled.

Dated: February 12, 2010  
Wilmington, Delaware

_____  
Kevin J. Carey  
Chief United States Bankruptcy Judge

LA\2062857.2