# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SPANSION INC., *et al.*,[1] | Case No.: 09-10690 (KJC) |
| Debtors. | Jointly Administered |
| | Related to D.I. 3066, 3279, 3296, 3306 and 3307 |

## ORDER GRANTING DEBTORS' FOURTH MOTION FOR AN ORDER EXTENDING EXCLUSIVE PERIOD DURING WHICH DEBTORS MAY SOLICIT ACCEPTANCES OF A PLAN OF REORGANIZATION

Upon consideration of the Debtors' fourth motion to extend, pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), the period set forth in section 1121(c)(3) of the Bankruptcy Code, within which only the Debtors may solicit acceptances of a plan of reorganization [Docket No. 3066] (the "**Motion**")[2]; and upon consideration of any objections or responses thereto, including *The Ad Hoc Committee Of Convertible Noteholders' And The Ad Hoc Equity Committee's (I) Joint Objection To Debtors' Motion For An Order Extending Exclusive Period, (II) Joint Motion To Terminate Exclusive Period, And (III) Joint Objection To Confirmation Of Debtors' Second Amended Joint Plan Of Reorganization Dated April 7, 2010* [Docket No. 3279] (the "**Joint Objection**"), the *Supplement To The Ad Hoc Committee Of Convertible Noteholders' And The Ad Hoc Committee's (I) Joint Objection To Debtors' Motion For An Order Extending Exclusive Period, (II) Joint Motion To Terminate Exclusive Period, And (III) Joint Objection To Confirmation Of Debtors' Second*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Spansion Inc., a Delaware corporation (8239); Spansion Technology LLC, a Delaware limited liability company (3982); Spansion LLC, a Delaware limited liability company (0482); Cerium Laboratories LLC, a Delaware limited liability company (0482), and Spansion International, Inc., a Delaware corporation (7542). The mailing address for each Debtor is 915 DeGuigne Dr., Sunnyvale, CA 94085.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

*Amended Joint Plan Of Reorganization Dated April 7, 2010* [Docket No. 3296] (the "**Joint Supplement**" and, together with the Joint Objection, the "**Joint Ad Hoc Objection**"), and the *Official Committee Of Unsecured Creditors' Response To (A) Debtors' Motion For Order Extending Exclusive Period, And (B) Ad Hoc Committee Of Convertible Noteholders' And Ad Hoc Equity Committee's (I) Joint Objection To Debtors' Motion For An Order Extending Exclusive Period, (II) Joint Motion To Terminate Exclusive Period, And (III) Joint Objection To Confirmation Of Debtors' Second Amended Joint Plan Of Reorganization Dated April 7, 2010* [Docket No. 3307; Filed 4/15/10]; and upon consideration of the *Debtors' Supplemental Memorandum In Support Of Confirmation Of Debtors' Second Amended Joint Plan Of Reorganization Dated April 7, 2010 (As Amended) And Fourth Motion For An Order Extending Exclusive Period During Which Debtors May Solicit Acceptances Of A Plan Of Reorganization* [Docket No. 3306]; and the Court having found that notice of the Motion is proper; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates, creditors and other parties-in-interest; and after holding a hearing on the matter; and after due deliberation and sufficient cause appearing therefore, it is hereby

1. **ORDERED**, that the Motion is granted as modified by this Order; and it is further

2. **ORDERED**, that, any objection to the Motion, including but not limited to the Joint Ad Hoc Objection, is overruled; and it is further

3. **ORDERED**, that, pursuant to sections 1121(c)(3) and 1121(d) of the Bankruptcy Code, no party, other than the Debtors, may solicit votes to accept or reject a proposed plan of reorganization filed with this Court from the date hereof through and including ~~May 31~~ April 23, 2010; and it is further

4. **ORDERED**, that the extension of the Exclusive Acceptance Period shall be

2

without prejudice to the Debtors requesting further such extensions at a later date; and it is further

5. **ORDERED**, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: April 16, 2010
       Wilmington, Delaware

_____
Hon. Kevin J. Carey
Chief United States Bankruptcy Judge

DM3\1352479.2