| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| SPANSION, INC., <u>et</u> <u>al</u>., | ) | Case No. 09-10690 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FOURTH INTERIM, FIFTH INTERIM AND FINAL FEE APPLICATIONS OF
### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
### <u>PERIOD OF SEPTEMBER 30, 2009 THROUGH MAY 10, 2010</u>

This is the final report of Warren H. Smith & Associates, P.C. acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fourth Interim,[1] Fifth Interim[2] and Final Fee Applications of Skadden, Arps, Slate, Meagher & Flom LLP, for Compensation and Reimbursement of Expenses for the Period of September 30, 2009 through May 10, 2010</u> (the "Application").

### BACKGROUND

1.      Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") was retained as special counsel to the debtors and debtors-in-possession.  In the Application, Skadden seeks approval of fees

---

[1] The Fourth Interim Period covers the time period from December 1, 2009 through February 28, 2010.  Skadden did not file an interim application for this time period.  However, Skadden did file monthly Applications for the period from November 26, 2009 through February 28, 2010, and we will refer to those combined fee and expense requests as the Fourth Interim Application.

[2] Although Skadden refers to this application as its Second Interim Application, it covers the time period of March 1, 2010 through May 10, 2010, the Fifth Interim Period, and thus we will refer it as the Fifth Interim Application.

and expenses as follows:  fees totaling $3,142,848.75[3] and costs totaling $301,536.68[4] for its services from November 26, 2009 to February 28 2010 (the "Fourth Interim Period"); fees totaling $319,162.00 and costs totaling $15,946.55 for its services from March 1, 2010 through May 10, 2010 (the "Fifth Interim Period"); and final allowance of fees totaling $4,403,875.00[5] and expenses totaling $334,381.67[6] for its services commencing with Skadden's retention on September 30, 2009 through May 10, 2010 (the "Final Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2010 (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States

---

[3]Skadden's total fees as derived from its monthly fee applications.

[4]Skadden's total expenses as derived from its monthly fee applications.

[5]We note that the total of the fees requested in Skadden's previous application plus the compensation requested in the Fourth and Fifth Interim Periods is $4,403,875.00, which is the amount of Skadden's fee request.  It appears that Skadden has not deducted from this amount the reduction ordered by the Court for the Third Interim Period, which period is discussed in more detail in Paragraph 19. We note that the Court has ruled on the First through Third Interim Periods, but that no rulings have been made on the Fourth or Fifth Interim Periods.

[6]We note that the total of the expenses requested in Skadden's previous application plus the reimbursement requested in the Fourth and Fifth Interim Periods is $334,381.67, which is the amount of Skadden's expense request.  There were no reductions ordered by the Court for the Third Interim Period, which period is discussed in more detail in Paragraph 19.  We note that the Court has ruled on the First through Third Interim Periods, but that no rulings have been made on the Fourth or Fifth Interim Periods.

District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Skadden an initial report based on our review and received a response from Skadden, portions of which response are quoted herein.

## DISCUSSION

### Fourth Interim Period

3.       In our initial report, we noted numerous occasions wherein multiple professionals attended hearings, depositions and meetings. For several of these occasions, either the number of professionals in attendance and/or the amount of fees involved appears excessive. *See* Exhibit A. Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Furthermore, Delaware Local Rule 2016-2(d)(ix) states that "[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." We asked Skadden to provide additional information regarding these fees. Skadden's response is provided as Response Exhibit 1. We accept Skadden's response and proffered reduction and thus recommend a reduction of $3,352.75 in fees.

4.       During the Application Period MSL ($595) and CAR ($775) RBC ($360) (Counsel, Associate and Law Clerk) spent 63.10 hours[7] for a total fee of $39,260.50 on fair value research.

| LAWRENCE MS | 12/16/09 | 3.00 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM (3.0). |
|---|---|---|---|
| LAWRENCE MS | 12/17/09 | 3.50 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN |

---

[7] Time for this entry was located in the following project categories - (I) Claims Admin. (General) and (ii) Litigation (General).

|  |  |  | ADMINISTRATIVE EXPENSE CLAIM (3.5). |
|---|---|---|---|
| LAWRENCE MS | 12/18/09 | 4.50 | RESEARCH ISSUES RELATING TO PROOF OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM. |
| LAWRENCE MS | 12/20/09 | 5.50 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM. |
| LAWRENCE MS | 12/21/09 | 8.90 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM. |
| ROTH CA | 12/11/09 | 9.10 | ............; FAIR VALUE RESEARCH RE SAME (3.4). |
| ROTH CA | 12/12/09 | 7.70 | CONTINUE FAIR VALUE RESEARCH. |
| CUMMINGS RB* | 12/23/09 | 1.20 | FINALIZE RESEARCH REGARDING FAIR MARKET VALUE (1.2). |
| LAWRENCE MS | 12/16/09 | 3.00 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM (3.0). |
| LAWRENCE MS | 12/18/09 | 4.50 | RESEARCH ISSUES RELATING TO PROOF OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM. |
| LAWRENCE MS | 12/20/09 | 5.50 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM. |
| LAWRENCE MS | 12/21/09 | 8.90 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM. |
| LAWRENCE MS | 12/17/09 | 3.50 | RESEARCH ISSUES RELATING TO CALCULATION OF FAIR MARKET VALUE IN ADMINISTRATIVE EXPENSE CLAIM (3.5). |

The Guidelines Rule, I.E. states in part ". . . [i]n evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;. . .". We asked Skadden to explain this work further. Skadden's response is provided below:

> In preparing for the January 8, 2010 evidentiary hearing on the Spansion Japan Litigation, Messrs. Roth, Lawrence and Cummings were tasked with preparing the Debtors' experts and deposing Spansion Japan's and GE Japan's valuation experts. The Spansion Japan Litigation focused on the fair market value of integrated flash memory wafers and dies in a limited market and my colleagues had to research the factors necessary for calculating the fair market value of an administrative expense claim in such a market. The research was used extensively in preparation for the depositions of Mr. Scotten W. Jones, Mr. Rajeev Kathuria, Mr. Scott A. Powers, Mr. Kevin Golmont and Mr. Vanderveen. Furthermore, this fair value research was also incorporated into the Debtors' (I) Omnibus Objection To (A) Motion Of GE Financial Services Corporation (f/k/a GE Capital Leasing Corporation) For Allowance And Payment Of Administrative Expense Claim And (B) Motion Of Spansion Japan Limited For Entry Of An Order Pursuant To 11 U.S.C. § 503(b) Allowing Certain Claims Of Spansion Japan Limited As An Administrative Expense And Directing Payment Of Same And (II) Supporting Statement For Debtors' Motion For Order Under 11 U.S.C. §§ 105, 502©, 503(b) And 1129(a)(11) Determining And Estimating Amount Of Administrative Expense Claim Of Spansion Japan Limited Relating To Manufacture Of Integrated Flash Memory Circuits (Docket No. 2141). Finally, the research was incorporated into an opening statement for the January 8, 2010 evidentiary hearing and was also used to focus the direct testimony in the Debtors' witness examination outlines. Given the size of the claims asserted in the Spansion Japan Litigation, we believe the research is well justified. Nonetheless, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $10,000 with respect to this research.

We appreciate Skadden's response and its proffered reduction and thus recommend a reduction of $10,000.00 in fees.

5. During the Application Period MLF ($295) spent 2.90 hours for a total fee of $855.50 on wait time.

FRIEL ML          12/11/09     2.80    ........; AWAIT FILING OF SECOND REPLY (1.7).

FRIEL ML          12/12/09     2.70    .........; AWAIT ANTICIPATED FILINGS (1.2);......

We asked Skadden to explain why this time should be billed, and Skadden's response is provided below:

> In the Report, you request an explanation as to why time spent waiting should be billed at the professional's full hourly rate. Upon review, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $855.00 which represents the time highlighted in the Report.

We accept Skadden's proffered reduction and thus recommend a reduction of $855.00 in fees.

6. On January 21, 2010, DDM (345) (Client Specialist) spent 1.00 hour for a total fee of $345.00 on training.

MARBACH DD    01/21/10    1.00    TRAINING IN DOCUMATRIX FOR SPANSION REVIEWERS; TRAINING IN BASIC NAVIGATION, SEARCHING AND CODING.

The training of a firm's professionals is not usually compensated by the estate. We asked Skadden to provide further explanation regarding these fees. Skadden's response is provided below:

> Upon review, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $345.00 which represents the time highlighted in the Report.

We appreciate Skadden's response and thus recommend a reduction of $345.00 in fees.

7. We note several hotel charges which appear excessive.

| Out-of-Town Travel | 11/19/09 | Durrer II VC | 474.69 |
| | | Lodging: Four Seasons Hotel; Number of Nights: 1; Start Date: 11/18/09; *** Relating To Trip From: Los Angeles; Departure Date: 11/18/09; To: San Jose; Return Date: 11/20/09 ***Business Purpose: Hotel Stay. | |

| | | | |
|---|---|---|---|
| Out-of-Town Travel | 11/20/09 | Durrer II VC<br>Lodging: Garden Court Hotel; Number of Nights: 1; Start Date: 11/19/09; *** Relating To Trip From: Los Angeles; Departure Date: 11/18/09; To: San Jose; Return Date: 11/20/09 ***<br>Business Purpose: Hotel Stay. | 334.88 |
| Out-of-Town Travel | 12/31/09 | Roth CA<br>Place: Grand Hyatt; Attendees: 1; Name: Carl Roth; Title: Counsel; Company: Skadden; Lodging: Grand Hyatt; Number of Nights: 1; Start Date: 12/31/09; *** Relating To Trip From: Los Angeles; Departure Date: 12/28/09; To: San Francisco; Return Date: 12/31/09 ***<br>Business Purpose: Hotel | 333.93 |
| Out-of-Town Travel | 01/26/10 | Ma EC<br>Lodging: Four Seasons Hotel; Number of Nights: 2; Start Date: 01/24/10; *** Relating To Trip From: Los Angeles; Departure Date: 01/24/10; To: San Jose; Return Date: 01/26/10 ***<br>Business Purpose: Lodging. | 771.91 |

We asked Skadden to provide additional information for these expenses and Skadden's response is attached hereto as Response Exhibit 2. We appreciate Skadden's response and their proffered reduction of $560.94. However, we note that Ms. Ma spent 2 nights at the Four Seasons Hotel in Palo Alto California in January of 2010. We also note that the Four Seasons is considered a 5 star hotel,[8] which we consider a luxury hotel. When such luxury accommodations are involved, we recommend a ceiling of $250 per night (exclusive of taxes) in cities such as Palo Alto[9]. Thus, in addition to Skadden's proffered reduction of $560.94, we recommend an additional reduction of

---

[8]*See* www.expedia.com.

[9]We recommend the following ceilings (per night) for hotel stays: $450 for New York City and London, $350 for Washington D.C., and Chicago, $300 for Philadelphia, Pittsburgh, and Los Angeles, and $250 for Denver, Dallas, Atlanta, and the rest of the country.

$110.00[10], for a total reduction of $670.94 in expenses.

8.     We noted several air/rail travel expenses which lack sufficient detail.  *See* Exhibit B. We asked Skadden to provide additional information regarding these charges.  Skadden's response is attached hereto as Response Exhibit 3.  We appreciate Skadden's response regarding its use of "Y-up" fares, and willingness to make an adjustment of $1,517.21.  However, when we research comparable fares that were not "Y-up" fares, we found[11] fully refundable one-way fares of $955 are available with less than 1 week notice for trips between Los Angeles (LAX) and the Philadelphia Airport (PHL).   Noting that the $955 cost does not include taxes, we recommend a ceiling of $1000 for the 14 one way flights between Los Angeles and Philadelphia for a total of $14,000.00.   In addition, we note that the 6[12] one-way, fully refundable fares between New York City and Los Angeles,  can be purchased for less than $800.00[13] with less than 1 week notice.  Based on this ceiling of $800 we recommend a total of $4,800.00 for these fares.  The total cost of the trips in question is $28,162.31 and our total recommended reasonable fares for the same flights is $18,800.00. Accordingly, we recommend a reduction of $9,362.31[14] in expenses.

9.     We noted several ground transportation charges which may be excessive. *See* Exhibit C.  We asked Skadden to provide further explanation regarding these charges.  Skadden's response is attached hereto as Response Exhibit 4.  We accept Skadden's response and thus recommend a

---

[10](Nightly rate of $305 - $250 = $55) ($55 x 2 nights = $110.00).

[11]*See* www.expedia.com, as well as www.united.com and www.continental.com.

[12]There were actually 7 trips with this itinerary, however one of these trips, on 1/10/2010, cost less than $800.00 or $745.70 and thus it is not part of this equation or recommended reduction.

[13]*See* www.expedia.com, Jet Blue, Delta or American Airlines.

[14]   $28,162.31 - $18,800.00 = $9,362.31.

reduction of $1,569.85 in expenses.

10.     We noted the following parking expenses which may be duplicative:

| | | | |
|---|---|---|---|
| Out-of-Town Travel | 12/31/09 | Ramlo K<br>*** Relating To Trip From: Los Angeles;<br>Departure Date: 12/28/09; To: San Francisco;<br>Return Date: 12/31/09 ***<br>Business Purpose: Parking at LAX Airport. | 120.00 |
| Out-of-Town Travel | 01/08/10 | Ramlo K<br>*** Relating To Trip From: Los Angeles;<br>Departure Date: 12/28/09; To: San Francisco;<br>Return Date: 12/31/09 ***<br>Business Purpose: Parking at LAX Airport. | 120.00 |

We asked Skadden to provide further explanation regarding these charges and it responded as follows:

> The detail for the December 31, 2009 receipt is correct. Mr. Ramlo traveled to San Francisco on December 27, 2009, returning on December 31, 2009, to attend deposition preparation sessions with Mr. Scotten W. Jones, Spansion's expert on wafer pricing, and defend Mr. Rajeev Kathuria at his deposition on December 30, 2009.

> The detail for the January 8, 2010 is incorrect. Mr. Ramlo traveled to Wilmington, Delaware on January 5, 2010, returning to Los Angeles on January 8, 2010, to assist with trial preparation in connection with the Spansion Japan Litigation. The apparent duplication was the result of an autofill error which caused December 31, 2009 trip detail to override the correct January 8, 2010 detail. Skadden, Arps submits that Mr. Ramlo's parking expenses are not duplicative and requests reimbursement of these parking expenses.

We appreciate Skadden's response and have no objection to these expenses.

11.     We noted the following cancellation fees:

| | | | |
|---|---|---|---|
| Out-of-Town Travel | 01/21/10 | Durrer II VC<br>VENDOR: Hotel Dupont; INVOICE#: 172332;<br>DATE: 1/21/2010  -  Cancellation fee | 279.00 |

| | | | | |
|---|---|---|---|---|
| Out-of-Town Travel | 01/21/10 | Edelman MR<br>VENDOR: Hotel Dupont; INVOICE#: 172334;<br>DATE: 1/21/2010  -  Cancellation fee | | 279.00 |
| Out-of-Town Travel | 01/21/10 | Ma EC<br>VENDOR: Hotel Dupont; INVOICE#: 172335;<br>DATE: 1/21/2010  -  Cancellation fee | | 279.00 |
| Out-of-Town Travel | 01/21/10 | Ramlo K<br>VENDOR: Hotel Dupont; INVOICE#: 172337;<br>DATE: 1/21/2010  -  Cancellation fee | | 279.00 |

We asked Skadden to provide further explanation regarding these charges.  Skadden's response is provided below:

> The Hotel Du Pont has a 48-hour cancellation policy.  Because Skadden, Arps did not receive confirmation that the January 21-22, 2010 evidentiary hearing was cancelled until January 19, 2010, Mr. Ramlo, Ms. Ma, Ms. Edelman and I were unable to cancel our accommodations at the Hotel Du Pont prior to the 48 hour requirement.

We appreciate Skadden's response and have no objection to these expenses.

12.     Thus we recommend approval of fees totaling $3,128,296.00 ($3,142,848.75 minus $14,552.75) and expenses totaling $289,933.58 ($301,536.68 minus $11,603.10) for Skadden's services for the Fourth Interim Period.

## **Fifth Interim Period**

13.     On April 29, 2010, CMH ($295) spent 1.20 hours and $472.00 on training.

| | | | |
|---|---|---|---|
| HEANEY CM | 4/29/2010 | 1.6 | TRAIN/MENTOR/ASSIST  ATTORNEYS WITH PREPARATION OF FEE APPLICATION FOR FILINGS  (1.2);  PREPARE,  FILE  AND DISTRIBUTE FEE APPLICATION (.4). |

The training of a firm's professionals is not usually compensated by the estate and is considered overhead.  We asked Skadden to explain why an exception should be made in this instance.  In its

response, Skadden included the amount of $472.00 in its total write-off in the concluding paragraph of its response. Thus, we recommend a reduction of $472.00 in fees.

14.     We noted MLF ($295) billed the estate 0.2 hour and $59.00 for work on third party billing.

FRIEL ML     3/9/2010     0.2     REVIEW THIRD PARTY INVOICE REGARDING TRIAL
                                  PREPARATION AND CONFIRM CHARGES.

Review and confirmation of third party billing is a bookkeeping function and normally considered an administrative task not compensable by the estate. We asked Skadden to explain why the estate should compensate for this time entry. As Skadden included the amount of $59.00 in the total write-off in the concluding paragraph of its response, we thus recommend a reduction of $59.00 in fees.

15.     We noted the following hotel charges which appear excessive.

| Out-of-Town Travel | 1/31/2010 | Ishizuka N | 543.34 |
| | | VENDOR: Ishizuka N INVOICE#: ER031910 DATE: 3/19/2010 Lodging: The Union League Club; Number of Nights: 4; Start Date: 01/15/10; *** Relating To Trip From: Tokyo; Departure Date: 01/15/10; To: New York; Return Date: 01/20/10 *** Business Purpose: Room charge - business trip to NY [US$544.11 = 49,091 yen | |
| Out-of-Town Travel | 1/15/2010 | Durrer II VC | 697.24 |
| | | Lodging: Royalton Hotel; Number of Nights: 2; Start Date: 01/11/10; *** Relating To Trip From: Los Angeles; Departure Date: 01/10/10; To: New York; Return Date: 01/13/10 *** Business Purpose: Hotel Stay | |
| Out-of-Town Travel | 1/29/2010 | Durrer II VC | 480.36 |

| Travel | | | |
|---|---|---|---|
| | | Lodging: Sheraton Suites Wilmington; Number of Nights: 2; Start Date: 01/27/10; *** Relating To Trip From: San Francisco; Departure Date: 01/26/10; To: New York; Return Date: 01/29/10 *** Business Purpose: Hotel Stay. | |
| Out-of-Town Travel | 2/12/2010 | Durrer II VC | 782.79 |
| | | Lodging: Hotel Du Pont; Number of Nights: 2; Start Date: 02/10/10; *** Relating To Trip From: Los Angeles; Departure Date: 02/07/10; To: New York; Return Date: 02/12/10 *** Business Purpose: Hotel Stay. | |

We asked Skadden to provide further explanation regarding these charges. Skadden's response is attached hereto as Response Exhibit 5. We accept Skadden's response and recommend a reduction of $739.17 in expenses.

16. We noted several ground transportation expenses which lack sufficient detail.

| Car Service (manual entries) | 3/14/2010 | Boston Coach Corp. | $99.86 |
|---|---|---|---|
| Out-of-Town Travel | 2/24/2010 | Durrer II VC *** Relating To Trip From: New York; Departure Date: 02/24/10; To: Las Vegas; Return Date: 02/27/10 *** Business Purpose: Taxi from Delaware to New York. | $500.00 |
| Out-of-Town Travel | 1/25/2010 | Clark AW *** Relating To Trip From: Wilmington; Departure Date: 01/24/10; To: East Palo Alto; Return Date: 01/27/10 *** Business Purpose: Boston Coach - car service from San Francisco Airport to Four Seasons Hotel, East Palo Alto, CA | $314.20 |

We asked Skadden to provide further explanation regarding these charges. Skadden's response is

provided below:

> By way of explanation, Skadden, Arps will occasionally utilize a private car service in lieu of a taxi in order to have a more professional, private environment within which to conduct business during travel. Skadden, Arps has found that having such an environment allows for more business to be conducted during travel, including for clients other than the Debtors, which results either in more efficient service for the Debtors or reduced costs for the Debtors (to the extent that travel time is spent accommodating other clients) or both. The detailed itemization of ground transportation charges requested in the Report is as follows:

> | Attorney | Date | Service | Origination | Destination | Amount |
> |---|---|---|---|---|---|
> | V. Durrer | 3/14/2010 | Boston Coach Corp | Las Vegas Int'l | Four Seasons, NV | $99.86 |
>
> Explanation: Skadden, Arps will waive this charge.
>
> | V. Durrer | 2/24/2010 | Cab / Taxi | SASMF Wilm. | SASMF NYC | $500.00 |
>
> Explanation: Skadden, Arps will waive this charge.
>
> | A. Clark | 1/25/2010 | Boston Coach Corp | SF Int'l Airport | Four Seasons, CA | $314.20 |
>
> Explanation: Skadden, Arps will waive this charge.

> Nonetheless, as a client accommodation, Skadden, Arps is willing to reduce the amounts sought in the Final Application by $914.06 which represents the ground transportation charges highlighted in the Report.

We appreciate Skadden's response and its proffered reduction and we recommend a reduction of $914.06 in expenses.

      17.    We noted the following meal charges that either exceed our recommended ceilings[15] or may contain alcoholic beverages.

| Out-of-Town Meals | 1/25/2010 | Durrer II VC | 7.65 |
|---|---|---|---|
| | | Place: Private Bar, Four Seasons Hote; Attendees: 1; Name: Van Durrer II; Title: Partner; Company: Skadden; *** Relating To Trip From: Reno; Departure Date: 01/25/10; To: Oakland; Return Date: 01/26/10 *** Business Purpose: Private Bar-Snack | |

---

[15]We recommend a ceiling of $40.00 for the breakfast meal in NYC.

| Out-of-Town Meals | 1/27/2010 | Durrer II VC | 48.11 |
|---|---|---|---|
| | | Place: 44 Room Service, Royalton Hotel; Attendees: 1; Name: Emily Ma; Title: Associate; Company: Skadden; *** Relating To Trip From: San Francisco; Departure Date: 01/26/10; To: New York; Return Date: 01/29/10 *** Business Purpose: In Room Dining. (Emily Ma - Breakfast | |

We asked Skadden to provide further explanation regarding these charges. In its response, Skadden provided the following information:

> Upon review, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $55.76 which represents the meal charges highlighted in the Report.

We appreciate Skadden's response and thus recommend a reduction of $55.76 in expenses.

18.     Thus we recommend approval of fees totaling $318,631.00 ($319,162.00 minus $531.00) and expenses totaling $14,237.56 ($15,946.55 minus $1,708.99) for Skadden's services for the Fifth Interim Period.

**Prior Interim Period**

19.     We note that we previously filed the following final report for Skadden's prior interim application, which final report we incorporate by reference herein, and we also note the following order that ruled on Skadden's prior interim fee application:

3rd  Interim Period:     Fee Auditor's Final Report Regarding Interim Fee Application of Skadden, Arps, Slate, Meagher & Flom  for the Third Interim Period (Docket #3440), filed on or about April 27, 2010 in which we recommend approval of fees totaling $941,026.75 and expenses totaling $16,898.44 reflecting our recommended reductions of $837.50 in fees as further explained in paragraph

3 of that final report. These recommendations were adopted in the Third Omnibus Order Allowing Certain Professionals Interim Compensation for Services Rendered and Reimbursement of Expenses, dated May 26, 2010 (Docket #3673).

20.     We have reviewed the final reports and orders allowing fees and expenses for the prior interim period, and we do not believe there is any reason to change any of the amounts awarded for the prior interim period.

## CONCLUSION

21.     Thus we recommend approval of fees totaling $4,387,953.75 ($4,403,875.00[16] minus $15,083.75[17] and minus $837.50[18]) and expenses totaling $321,069.58 ($334,381.67[19] minus $13,312.09[20]) for Skadden's services for the Final Application Period.

---

[16]We note that the total of the fees requested in Skadden's previous application plus the compensation requested in the Fourth and Fifth Interim Periods is $4,403,875.00, which is the amount of Skadden's fee request.  It appears that Skadden has not deducted from this amount the reduction ordered by the Court for the Third Interim Period, which period is discussed in more detail in Paragraph 19. We note that the Court has ruled on the First through Third Interim Periods, but that no rulings have been made on the Fourth or Fifth Interim Periods.

[17]See paragraphs 12 and 18.

[18]See paragraph 19.

[19]We note that the total of the expenses requested in Skadden's previous application plus the reimbursement requested in the Fourth and Fifth Interim Periods is $334,381.67, which is the amount of Skadden's expense request.  There were no reductions ordered by the Court for the Third Interim Period, which period is discussed in more detail in Paragraph 19.  We note that the Court has ruled on the First through Third Interim Periods, but that no rulings have been made on the Fourth or Fifth Interim Periods.

[20]See paragraphs 12 and 18.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
                 Warren H. Smith
                 Texas Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Republic Center
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)

**FEE AUDITOR**


### CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the service list below on this 15th day of October, 2010.


_____
                 Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Anthony W. Clark, Esq.
Davis Lee Wright, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

and

Van C. Durrer, II, Esq.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071

**United States Trustee**
Office of the United States Trustee
844 N. King Street, Room 2207
Lock Box 35
Wilmington, DE 19801

**Counsel to the Debtors**
Michael S. Lurey, Esq.
Gregory O. Lunt, Esq.
Kimberly A. Posin, Esq.
Benjamin Berman, Esq.
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

**Counsel to the Debtors**
Michael R. Lastowksi, Esq.
Richard W. Riley, Esq.
Sommer Leigh Ross, Esq.
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801

**Counsel to the Debtors**
Douglas Young, Esq.
Mary Morgan, Esq.
Baker & McKenzie LLP
2 Embarcadero Center
11th Floor
San Francisco, CA 94111

**Special Counsel to the Debtors**
Karen K. Dreyfus, Esq.
Wilson Sunstone Goodrich & Raced, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050

**Financial Advisor to the Debtors**
David L. Herman
Managing Director
Gordian Group,  LLC
950 Third Avenue, 17th Floor
New York, NY 10022

**Financial Advisor to the Debtors**
Christopher R. Lee
Executive Director
Morgan Stanley & Co.
1585 Broadway
New York, NY  10036

**Financial Advisor to the Debtors**
Williams A. Hegel
KPMG LLP
55 Second, Suite 1400
San Francisco, CA 94105

**Independent Auditors to the Debtors**
Evan Kass
Ernst & Young LLP
303 Almaden Blvd.
San Jose, CA 95110

**Corporate Communications Consultants
for the Debtors**
Maya Pogoda
Sitrick & Company, Inc.
1840 Century Park East, Suite 800
Los Angeles, CA 90067

**Co-Counsel to the Official Committee of
Unsecured Creditors**
James L. Patton, Jr., Esq.
M. Blake Cleary, Esq.
Jamie N. Luton, Esq.
Young, Stargatt, Taylor & Conaway, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**Co-Counsel to the Official Committee of
Unsecured Creditors**
Luc A. Despins, Esq.
Kristine M. Shryock, Esq.
Paul Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022

**Financial Advisor to the Official
Committee of Unsecured Creditors**
Anna Phillips
FTI Consulting, Inc.
One Atlantic Center
1201 West Peachtree Street
Suite 500
Atlanta, GA 30309

Depositions:

a.   On December 10, 2009, DBA ($945) and KR ($775) (Partner and Counsel) attended the deposition of GE.  The total time spent including any preparation and non-working travel time was 77.50 hours[21] for a total fee of $62,931.75.

| | | | |
|---|---|---|---|
| ADLER DB | 12/06/09 | 0.50 | DEPOSITION PREPARATION (.5). |
| ADLER DB | 12/07/09 | 4.40 | .............; DEPOSITION PREPARATION (2.4);....... |
| ADLER DB | 12/08/09 | 7.10 | CONFERENCE CALL WITH J. ASHBY, ET. AL., INCLUDING PREPARATION (1.5); PREPARATION FOR DEPOSITION OF A REPRESENTATIVE OF GE (5.2);......... |
| ADLER DB | 12/09/09 | 11.20 | PREPARATION REGARDING AND ATTEND SPANSION JAPAN DEPOSITION (8.7);......... |
| ADLER DB | 12/10/09 | 10.50 | PREPARATION REGARDING AND ATTEND GE DEPOSITION (8.3); PREPARATION REGARDING DEPOSITIONS OF A REPRESENTATIVE OF GE (1.5); COURT HEARING RE DISCOVERY DISPUTE (.7). |
| RAMLO K | 12/04/09 | 7.80 | ............; CONTINUE REVIEWING DOCUMENTS AND PREPARATION FOR DEPOSITIONS OF SPANSION JAPAN AND GE DESIGNEES (3.8);.......... |
| RAMLO K | 12/06/09 | 4.70 | ...........; REVIEW DOCUMENTS PRODUCED BY CLIENT IN PREPARATION FOR DEPOSITION OF SPANSION JAPAN (3.5);........... |
| RAMLO K | 12/07/09 | 9.70 | ...........; REVIEW DRAFT OBJECTIONS TO DISCLOSURE STATEMENT IN PREPARATION FOR DEPOSITIONS (.8);.........; CONTINUE REVIEW OF DOCUMENTS AND DRAFTING OF OUTLINE IN PREPARATION FOR DEPOSITIONS (5.5). |

---

[21] Time for this entry was located in the following project categories - (I) Litigation (General) and (ii) Nonworking Travel Time.

| | | | |
|---|---|---|---|
| RAMLO K | 12/08/09 | 8.30 | TELECONFERENCE WITH J. ASHBY IN PREPARATION FOR DEPOSITIONS OF SPANSION JAPAN AND GE (1.1);.......... |
| RAMLO K | 12/09/09 | 13.40 | REVIEW DRAFT GE OPPOSITION TO MOTION TO DISMISS TO PREPARE FOR AND DEPOSE SPANSION JAPAN (10.2); PREPARE FOR DEPOSITION OF GE (3.1);........ |
| RAMLO K | 12/10/09 | 10.30 | PREPARE FOR AND DEPOSE GE (8.8);....... |
| ADLER DB | 12/08/09 | 2.70 | TRAVEL FROM LOS ANGELES TO SAN FRANCISCO FOR DEPOSITION. |
| ADLER DB | 12/10/09 | 4.00 | TRAVEL FROM SAN FRANCISCO TO LOS ANGELES. |
| RAMLO K | 12/08/09 | 2.50 | TRAVEL FROM LOS ANGELES TO SAN FRANCISCO (2.5). |
| RAMLO K | 12/10/09 | 2.70 | SAN FRANCISCO TO LOS ANGELES. |

b.    On December 16, 2009, DBA ($945), VCD ($875), and KR ($775) (two Partners and Counsel) attended a Kispert deposition session.  The total time spent including any preparation time was 4.80 hours for a total fee of $4,183.00.

| | | | |
|---|---|---|---|
| ADLER DB | 12/16/09 | 8.10 | ..........; AND J. KISPERT, ET AL. RE: DEPO PREP (1.9);........ |
| DURRER II VC | 12/16/09 | 4.50 | ............; PARTICIPATE RE KISPERT DEPOSITION PREP (1.4). |
| RAMLO K | 12/16/09 | 7.80 | .........; MEETING WITH J. KISPERT TO PREPARE FOR DEPOSITION (1.5);......... |

c.    On December 17 and 18, 2009, DBA ($945) and KR ($775) (Partner and Counsel) attended the depositions of R. Furr and J. Kispert respectively.  The total time spent including any preparation and non-working travel time was 81.70 hours[22] for a total fee of $65,344.25.

---

[22] Time for this entry was located in the following project categories - (I) Litigation (General) and (ii) Nonworking Travel Time.

| | | | |
|---|---|---|---|
| ADLER DB | 12/11/09 | 5.50 | DEPOSITION PREPARATION (4.8);............ |
| ADLER DB | 12/14/09 | 4.50 | ...........; DEPOSITION PREPARATION (3.7). |
| ADLER DB | 12/15/09 | 2.20 | DEPOSITION PREPARATION (2.2). |
| ADLER DB | 12/16/09 | 8.10 | PREPARE REGARDING AND CONFERENCE CALLS WITH R. FURR (3.6) AND J. KISPERT, ET AL. RE: DEPO PREP (1.9);.........; DEPOSITION PREPARATION (1.2);........ |
| ADLER DB | 12/17/09 | 6.60 | R. FURR DEPOSITION (4.9); PREPARATION REGARDING J. KISPERT DEPOSITION (1.7). |
| ADLER DB | 12/18/09 | 10.70 | PREPARATION REGARDING AND ATTEND J. KISPERT DEPOSITION (9.4);....... |
| RAMLO K | 12/10/09 | 10.30 | ...........; BEGIN PREPARATION FOR DEPOSITION OF R. FURR (.5). |
| RAMLO K | 12/11/09 | 5.10 | .............; CONTINUE REVIEWING MATERIALS IN PREPARATION FOR R. FURR DEPOSITION (2.9); CALLS AND CORRESPONDENCE WITH M. VILLAREAL RE DEPOSITION PREPARATION (.5). |
| RAMLO K | 12/12/09 | 0.60 | .........; CONTINUE REVIEW OF FURR-RELATED DOCUMENTS (.5). |
| RAMLO K | 12/14/09 | 3.40 | PREPARE FOR DEPOSITIONS OF F. FURR AND J. KISPERT (3.3);........... |
| RAMLO K | 12/15/09 | 6.40 | CALLS WITH R. FURR RE DEPOSITION PREPARATION (.3);.........; CONTINUE REVIEW OF DOCUMENTS AND PREPARE MATERIALS FOR MEETING WITH R. FURR AND J. KISPERT (5.9). |
| RAMLO K | 12/16/09 | 7.80 | PREPARE FOR MEETINGS WITH J. KISPERT AND R. FURR AND ANALYSIS RE DEPOSITION TOPICS (2.5); MEETING WITH R. FURR TO PREPARE FOR DEPOSITION (2.3); MEETING WITH J. KISPERT TO PREPARE FOR |

| | | | | DEPOSITION (1.5); FURTHER PREPARATION FOR DEPOSITION (1.0);......... |
|---|---|---|---|---|
| RAMLO K | 12/17/09 | 9.20 | | .........; DEFEND R. FURR RE DEPOSITION (8.0); PREPARE FOR KISPERT DEPOSITION (1.1). |
| RAMLO K | 12/18/09 | 8.20 | | PREPARE FOR AND DEFEND J. KISPERT AT DEPOSITION (7.7);........ |
| ADLER DB | 12/17/09 | 2.00 | | TRAVEL FROM LOS ANGELES TO SAN FRANCISCO. |
| ADLER DB | 12/18/09 | 2.00 | | TRAVEL FROM SAN FRANCISCO TO LOS ANGELES. |
| RAMLO K | 12/16/09 | 3.30 | | LOS ANGELES TO SUNNYVALE; SUNNYVALE TO SAN FRANCISCO. |
| RAMLO K | 12/18/09 | 3.00 | | SAN FRANCISCO TO LOS ANGELES. |

d.   On December 30, 2009, DBA ($945) and KR ($775) (Partner and Counsel) attended the deposition of Kathuria. The total time spent including any preparation and non-working travel time was 62.90 hours[23] for a total fee of $49,439.75

| | | | | |
|---|---|---|---|---|
| ADLER DB | 12/28/09 | 5.00 | | PREPARATION REGARDING R. KATHURIA DEPOSITION (1.3); DRAFT PRETRIAL MEMORANDUM (.6); REVIEW DEPOSITION (2.4); REVIEW COURT ORDER (.2); 30(B)(6) ISSUES (.5). |
| ADLER DB | 12/29/09 | 9.90 | | PREPARATION REGARDING MEETING WITH R. KATHURIA (3.7); CONFERENCE/DEPOSITION PREPARATION REGARDING R. KATHURIA (6.2). |
| ADLER DB | 12/30/09 | 10.20 | | PREPARATION AND DEPOSITION R. KATHURIA. |
| RAMLO K | 12/23/09 | 4.60 | | PREPARE FOR CALL (.5); TELECONFERENCE |

---

[23] Time for this entry was located in the following project categories - (I) Litigation (General) and (ii) Nonworking Travel Time.

| | | | |
|---|---|---|---|
| | | | WITH R. KATHURIA, J. ASHBY, B. HAND, A. ZHANG, E. D'SOUZA, AND D. WRIGHT RE DEPOSITION TOPICS (1.0); CORRESPONDENCE TO L. RIDGWAY RE SAME (.1); BEGIN REVIEW OF DOCUMENTS FOR KATHURIA DEPOSITION (3.0). |
| RAMLO K | 12/27/09 | 4.20 | ............; PREPARE FOR KATHURIA DEPOSITION (.5); TELECONFERENCE WITH J. ASHBY, R. KATHURIA, J. RUSHMEYER, B. HAND, C. ROTH AND E. MA RE TRANSITION ISSUES AND DEPOSITION PREPARATION (1.7);........ |
| RAMLO K | 12/28/09 | 10.00 | ........; MEETINGS WITH S. JONES IN PREPARATION FOR DEPOSITION (5.2);.........; CONTINUE REVIEW OF DOCUMENTS IN PREPARATION FOR KATHURIA DEPOSITION (1.0). |
| RAMLO K | 12/29/09 | 15.20 | .........; PREPARE FOR MEETING WITH R. KATHURIA (3.0); MEETING WITH R. KATHURIA TO PREPARE FOR DEPOSITION (4.5);........... |
| RAMLO K | 12/30/09 | 7.00 | PREPARE FOR AND ATTEND DEPOSITION OF R. KATHURIA (5.0); MEETING WITH R. KATHURIA RE EXPERT DEPOSITIONS (2.0). |
| ADLER DB | 12/29/09 | 1.70 | TRAVEL FROM LOS ANGELES TO SAN FRANCISCO. |
| ADLER DB | 12/30/09 | 3.20 | TRAVEL FROM SAN FRANCISCO TO LOS ANGELES. |
| RAMLO K | 12/27/09 | 2.40 | LOS ANGELES TO SAN FRANCISCO. |
| RAMLO K | 12/31/09 | 3.00 | SAN FRANCISCO TO LOS ANGELES. |

e.    On January 28, 2010, AWC ($975) and VCD ($895) (Partners) attended the deposition of R Furr.  The total time spent including any preparation and non-working travel time was

51.50 hours[24] for a total fee of $47,076.00.

| | | | |
|---|---|---|---|
| CLARK AW | 01/24/10 | 5.30 | PREP FOR R. FURR DEP (5.3). |
| CLARK AW | 01/25/10 | 9.10 | ...........; PREPARE FOR R. FURR DEP (2.1); CONFS R. FURR, P. DEVEREAUX (5.8). |
| CLARK AW | 01/26/10 | 9.60 | PREPARE/ATTEND R. FURR DEPOSITION RE: CONFIRMATION (6.9); ANALYSIS RE: SAME (1.1); CONFS N. RICHARDSON, R. FURR, DEVEREAUX (1.6). |
| CLARK AW | 01/28/10 | 9.30 | PREPARE/ATTEND R. FURR DEP RE: SETTLEMENT (6.0);...........; CONFS WITH R. FURR, R. HAMILTON (1.3). |
| DURRER II VC | 01/22/10 | 3.20 | ...........; REVIEW MEMO FROM B. HAMILTON RE R. FURR DEPOSITION (.1); ANALYSIS RE FURR DEPOSITION PREPARATION (1.0);........... |
| DURRER II VC | 01/25/10 | 3.50 | ...........; PREPARE FOR FURR DEPOSITION RE PLAN MATTERS (.5);........... |
| DURRER II VC | 01/26/10 | 7.00 | PARTICIPATE IN DEFENSE OF R. FURR DEPOSITION ON PLAN ISSUES (6.5);...... |
| DURRER II VC | 01/27/10 | 2.30 | REVIEW DOCUMENTS IN CONNECTION WITH FURR DEPOSITION RE SPANSION JAPAN SETTLEMENT (2.0);........ |
| DURRER II VC | 01/28/10 | 7.80 | PREPARE FOR RANDY FURR DEPOSITION (.5); REVISE FURR DECLARATION (1.0); ATTEND FURR DEPOSITION (6.3). |
| CLARK AW | 01/24/10 | 3.50 | TRAVEL TO CAL (3.5). |

Meetings:

---

[24] Time for this entry was located in the following project categories - (I) Litigation (General) and (ii) Nonworking Travel Time.

f.      On January 12, 2010, VCD ($895), HS ($795), and NEJ ($630) (Partner, Counsel, and Associate) attended a meeting.  The total time spent including any preparation and non-working travel time was 39.60 hours[25] for a total fee of $25,470.00.

| | | | |
|---|---|---|---|
| DURRER II VC | 01/11/10 | 3.40 | MEET WITH SPANSION JAPAN TO NEGOTIATE FINAL TERMS OF FOUNDRY AGREEMENT (1.9); MEET WITH R. FURR RE SAME (.5); CONTINUE MEETINGS WITH SPANSION JAPAN AFTER REVIEW OF COMMENTS (.8); ANALYSIS RE COMMENTS ON DOCUMENTS (.2). |
| DURRER II VC | 01/12/10 | 3.40 | MEET WITH SPANSION JAPAN, R. FURR AND R. KATHURIA TO NEGOTIATE DOCUMENTS TO IMPLEMENT SETTLEMENT (1.8); MEET WITH R. KATHURIA RE SAME (.4);.......... |
| SARUMIDA H | 01/11/10 | 3.20 | ..........; ATTEND A MEETING WITH SPANSION JAPAN TEAM RE: FOUNDRY AGREEMENT (2.7). |
| SARUMIDA H | 01/12/10 | 2.50 | ATTEND A MEETING WITH SPANSION JAPAN TEAM RE: FOUNDRY AGREEMENT. |
| JACKSON NE | 01/11/10 | 9.70 | MEETINGS WITH SPANSION JAPAN RE: FOUNDRY AGREEMENT. |
| JACKSON NE | 01/12/10 | 9.10 | CONTINUE MEETINGS WITH SPANSION JAPAN RE: FOUNDRY AGREEMENT AND BAILMENT AGREEMENT. |
| DURRER II VC | 01/10/10 | 2.70 | TRAVEL TO NY FOR NEGOTIATIONS (2.7). |
| DURRER II VC | 01/11/10 | 4.80 | CONTINUE TRAVEL TO NY FOR MEETINGS (4.8). |
| DURRER II VC | 01/13/10 | 2.50 | RETURN TRAVEL TO LOS ANGELES (2.5). |

g.      On January 18, 2010, VCD ($895), AR ($850), and HS ($795) (two Partners and Counsel) attended a meeting.  The total time spent including any preparation and non-

---

[25] Time for this entry was located in the following project categories - (I) Business Operations/Strategic Planning and (ii) NonWorking Travel Time.

working travel time was 39.10 hours[26] for a total fee of $28,103.70.

| DURRER II VC | 01/18/10 | 11.60 | MEET WITH R. KATHURIA AND N. ISHIZUKA RE DOCUMENTS IMPLEMENTING SPANSION JAPAN SETTLEMENT (1.2); MEET WITH SPANSION JAPAN AND ITS ADVISORS RE SAME TO NEGOTIATE FILING VERSIONS OF DOCUMENTS INCLUDING FOUNDRY AGREEMENT, BAILMENT AGREEMENT, TRANSITION SERVICES AGREEMENT (5.9); NEGOTIATE PURCHASE AGREEMENT TERMS INCLUDING EMPLOYMENT ISSUES (4.5). |
|---|---|---|---|
| RAZZAK A | 01/18/10 | 7.50 | CONFERENCE CALL WITH V. DURRER, NOBU & SPANSION TEAM TO PREPARE FOR APA NEGOTIATION (1.3); APA NEGOTIATION OF APA WITH SKADDEN TEAM, APERTO TEAM, SPANSION JAPAN TEAM, SPANSION TEAM & JONES DAY (4.8);........... |
| SARUMIDA H | 01/18/10 | 9.50 | ...........; ATTEND THE FULL-DAY MEETING WITH SPANSION AND SPANSION LLC AT JONES DAY (NEGOTIATION WITH SPANSION JAPAN AND ITS COUNSEL, DOCUMENT REVIEW, AND INTERNAL CONFERENCE AND TELECONFERENCES) RE: FINALIZING ASSET PURCHASE AGREEMENT (8.5). |
| DURRER II VC | 01/17/10 | 2.80 | TRAVEL TO NY FOR MEETINGS WITH SPANSION JAPAN (2.8). |
| DURRER II VC | 01/18/10 | 4.50 | CONTINUE TRAVEL TO NY FOR NEGOTIATING SESSIONS WITH SPANSION JAPAN (4.5). |
| DURRER II VC | 01/19/10 | 5.60 | RETURN TRAVEL TO LOS ANGELES FOLLOWING NEGOTIATION SESSION (5.6). |

Hearing:

---

[26] Time for this entry was located in the following project categories - (I) Business Operations/Strategic Planning and (ii) NonWorking Travel Time.

h.  On December 10, 2009, DBA ($945), AWC ($975), VCD ($875), and KR ($775) (three Partners and Counsel) attended a hearing.  The total time spent including any preparation time was 4.60 hours for a total fee of $4,174.00.

| ADLER DB | 12/10/09 | 10.50 | .............; COURT HEARING RE DISCOVERY DISPUTE (.7). |
|---|---|---|---|
| CLARK AW | 12/10/09 | 2.30 | PREPARE/ATTEND HEARING RE DISCOVERY MOTIONS (1.5);........... |
| DURRER II VC | 12/10/09 | 3.80 | PREPARE FOR AND ATTEND HEARING RE DISCOVERY DISPUTE (1.9);........... |
| RAMLO K | 12/10/09 | 10.30 | .........; HEARING FOR MOTIONS TO COMPEL AND FOR PROTECTIVE ORDER (.5);.......... |

I.  On January 8, 2010, VCD (895), AWC (975), CAR (795), MRE (525) ECM (575), DLW (680), and CMH (295) (two Partners, Counsel, three Associates, and Paralegal) attended a hearing.  The total time spent including any preparation and non-working travel time was 208.70 hours[27] for a total fee of $119,602.80.

| DURRER II VC | 01/07/10 | 12.70 | .........; MEET WITH CLIENT TO PREPARE FOR HEARING (1.5); MEET WITH H. PRIVETTE TO PREPARE FOR TRIAL (.5);.......; REVIEW TRIAL EXHIBITS (4.5); MEET WITH POTENTIAL WITNESSES TO PREPARE FOR TRIAL (2.5);........; ANALYSIS RE ORDER OF TRIAL WITNESSES AND OPENING STATEMENT (2.0). |
|---|---|---|---|
| DURRER II VC | 01/08/10 | 4.90 | PREPARE OPENING STATEMENT FOR TRIAL ON SPANSION JAPAN CLAIMS (.5);........; ATTEND HEARING RE ANNOUNCEMENT OF SETTLEMENT AND PUT TERMS ON THE RECORD (2.7);......... |
| CLARK AW | 01/03/10 | 0.90 | PREPARE FOR HEARING. |
| CLARK AW | 01/04/10 | 1.10 | PREPARE FOR HEARING (.7); WORK ON |

---

[27] Time for this entry was located in the following project categories - (I) Claims Admin,, (ii) Litigation (General), and (iii) Nonworking Travel Time.

|  |  |  | ISSUES RE PRE-TRIAL BRIEF (.4). |
|---|---|---|---|
| CLARK AW | 01/05/10 | 2.10 | PREPARE FOR HEARING. |
| CLARK AW | 01/06/10 | 4.40 | PREPARE FOR HEARING (3.1); CONFS CLIENTS TO PREP FOR TRIAL (1.3). |
| CLARK AW | 01/07/10 | 4.90 | PREPARE FOR HEARING (2.1);.......... |
| CLARK AW | 01/08/10 | 2.00 | ATTEND HEARING (2.0). |
| ROTH CA | 01/06/10 | 13.20 | ..........; HEARING PREPARATION (5.2). |
| ROTH CA | 01/07/10 | 15.10 | ADMINISTRATIVE HEARING PREPARATION. |
| ROTH CA | 01/08/10 | 5.50 | HEARING PREPARATION FOR ADMINISTRATION HEARING. |
| EDELMAN MR | 01/03/10 | 6.10 | PREP FOR CROSS (2.1); READ POWERS, JONES, VANDERVEEN DEPOS AND EXPERT REPORTS (4.0). |
| EDELMAN MR | 01/04/10 | 7.60 | REVIEW POWERS, JONES, VANDERVEEN DEPO TRANSCRIPTS AND EXPERT REPORTS (7.6). |
| EDELMAN MR | 01/05/10 | 6.20 | PREPARE FOR POWER CROSS (4.8); READ EXPERT REPORTS RE: SAME (1.4). |
| EDELMAN MR | 01/06/10 | 8.30 | RESEARCH RE: COMPULSION OF TESTIMONY (3.9); WORK ON POWERS CROSS (4.4). |
| EDELMAN MR | 01/07/10 | 14.30 | REVISE POWERS CROSS (14.3). |
| EDELMAN MR | 01/08/10 | 2.90 | PREPARE FOR HEARING (1.7); ATTEND HEARING (1.2). |
| MA EC | 01/05/10 | 12.20 | .........; PREPARE AND REVIEW PROFFERS, OUTLINES AND SUPPORTING MATERIALS FOR 1/8 HEARING (7.9). |
| MA EC | 01/06/10 | 16.10 | ..........; PREPARE FOR 1/8 HEARING (14.3). |

| | | | |
|---|---|---|---|
| MA EC | 01/07/10 | 16.70 | PREPARE FOR 1/8 HEARING (16.7). |
| MA EC | 01/08/10 | 12.50 | PREPARE FOR TODAY'S HEARING (7.1); ATTEND HEARING (1.3);......... |
| WRIGHT DL | 01/06/10 | 8.40 | ............; SUPERVISE ASSEMBLY OF EXHIBIT BINDERS (.7);...........; REVIEW HEARING AGENDA AND COMMENT ON STATUS (.4); PARTICIPATE IN GENERAL HEARING PREPARATION, INCLUDING DEVELOPMENT AND REVIEW OF DEMONSTRATIVE EXHIBITS, PREPARATION OF HEARING BINDERS AND REVIEW OF DRAFT EXHIBIT BINDERS AND RETENTION OF JAPANESE TRANSLATOR (2.1);........... |
| WRIGHT DL | 01/07/10 | 14.90 | ............; COMMENT ON KISPERT Q&A (.8);..........; REVIEW KISPERT DIRECT Q&A (1.1);.......; CONTINUE REVISIONS TO EXHIBIT LIST TO AMENDED PTM (.8);....... |
| WRIGHT DL | 01/08/10 | 13.20 | DRAFT AND REVISE Q&A FOR J. ASHBY (7.3);.......; REVIEW EXHIBIT BINDERS (1.2); REVIEW DEMONSTRATIVES (.5); GENERAL HEARING PREPARATION (1.6); ATTEND HEARING (1.0);......... |
| HEANEY CM | 01/08/10 | 8.90 | ........; PREPARE, ORGANIZE AND REVIEW TRIAL EXHIBITS, BINDERS, BACKGROUND DOCUMENTS, PROPOSED FORMS OF ORDER AND CHARTS FOR TRIAL (7.3); ASSIST ATTORNEYS AT HEARING (.7); ORGANIZE POST-TRIAL FILES AND DOCUMENTS (.6). |
| DURRER II VC | 01/05/10 | 3.60 | TRAVEL TO DELAWARE FOR HEARING (3.6). |
| DURRER II VC | 01/06/10 | 2.80 | CONTINUE TRAVEL TO DELAWARE FOR TRIAL (2.8). |
| DURRER II VC | 01/08/10 | 5.60 | RETURN TRAVEL TO LOS ANGELES (5.6). |
| EDELMAN MR | 01/05/10 | 5.40 | TRAVEL TO DELAWARE (5.4). |

| | | | |
|---|---|---|---|
| EDELMAN MR | 01/08/10 | 3.90 | TRAVEL TO LOS ANGELES (3.9). |
| MA EC | 01/04/10 | 5.20 | TRAVEL TO WILMINGTON FOR TRIAL (5.2). |
| MA EC | 01/08/10 | 7.60 | TRAVEL FROM WILMINGTON, DE TO LOS ANGELES, CA (7.6). |

j.   On January 29, 2010, VCD (895), ECM (575), DLW (680), AWC (975), and CMH (295) (two Partners, two Associates, and Paralegal) attended a hearing.  The total time spent including any preparation and non-working travel time was 76.50 hours[28] for a total fee of $48,124.80.

| | | | |
|---|---|---|---|
| DURRER II VC | 01/19/10 | 0.10 | ANALYSIS RE HEARING PREPARATION RE MOTION TO APPROVE SPANSION JAPAN SETTLEMENT (.1). |
| DURRER II VC | 01/20/10 | 0.30 | CORRESPOND WITH J. FROST-DAVIES RE HEARING ON SETTLEMENT MOTION (.2); CALL WITH P. JIMENEZ RE SAME (.1). |
| DURRER II VC | 01/27/10 | 10.30 | PREPARE PROFFER OF R. FURR FOR HEARING ON SPANSION JAPAN SETTLEMENT (3.0);.........; PREPARE MEMO TO L. DESPINS RE HEARING PROCEDURE (.2);.........; REVISE PROFFER OF R. FURR FOR HEARING ON SPANSION JAPAN SETTLEMENT (2.6); REVISE EXHIBITS AND EXHIBIT LIST FOR HEARING ON SPANSION JAPAN SETTLEMENT (3.8). |
| DURRER II VC | 01/29/10 | 5.10 | PREPARE FOR AND ATTEND TRIAL RE SPANSION JAPAN SETTLEMENT MOTION (5.1). |
| MA EC | 01/28/10 | 8.20 | PREPARE FOR 1/29 SETTLEMENT HEARING (8.2). |
| MA EC | 01/29/10 | 5.90 | PREPARE FOR SETTLEMENT HEARING (1.5); ATTEND SETTLEMENT HEARING (4.4). |

---

[28] Time for this entry was located in the following project categories - (I) Claims Admin,, (ii) Litigation (General), and (iii) Nonworking Travel Time.

| | | | |
|---|---|---|---|
| WRIGHT DL | 01/28/10 | 0.40 | REVIEW AMENDED AGENDA FOR HEARING (.2);........ |
| WRIGHT DL | 01/29/10 | 5.30 | PREPARE FOR SETTLEMENT MOTION HEARING, INCLUDING ASSEMBLY OF ORDER AND EXHIBITS AND ARRANGING OF TRANSPORT OF DOCUMENTS AND EXHIBITS (2.0); ATTEND SETTLEMENT MOTION HEARING (3.3). |
| CLARK AW | 01/27/10 | 1.50 | PREPARE FOR HEARING (1.5). |
| CLARK AW | 01/28/10 | 9.30 | ...........; PREPARE FOR HEARING (1.3);........ |
| CLARK AW | 01/29/10 | 7.30 | PREPARE/ATTEND HEARING (6.5);..... |
| HEANEY CM | 01/15/10 | 1.30 | .............; PREPARE AND REVIEW BINDERS TO CONTINUED TRIAL (.4). |
| HEANEY CM | 01/28/10 | 5.40 | .........; ASSIST ATTORNEYS WITH PREPARATION DOCUMENTS FOR HEARING (3.1); PREPARE EXHIBITS FOR NOTICE OF FILING OF WITNESS AND EXHIBITS LIST (1.2);......... |
| HEANEY CM | 01/29/10 | 4.80 | .........; ASSIST ATTORNEYS WITH PREPARATION AND AT HEARING (3.2);.......... |
| CLARK AW | 01/27/10 | 8.60 | RETURN FROM CAL TO DE (8.6). |
| DURRER II VC | 01/26/10 | 3.90 | TRAVEL TO DE FOR HEARING AND DEPOSITION RE SPANSION JAPAN SETTLEMENT (3.9). |
| DURRER II VC | 01/27/10 | 2.30 | CONTINUE TO TRAVEL TO DE FOR HEARING AND DEPOSITION (2.3). |
| DURRER II VC | 01/29/10 | 0.90 | COMMENCE RETURN TRAVEL TO LOS ANGELES (.9). |
| DURRER II VC | 01/31/10 | 8.90 | RETURN TO LOS ANGELES (8.9). |

k.   On January 25, 2010, EMD (850), VCD (895), DLW (680) (two Partners and Associate) attended a hearing. The total time spent including any preparation time was 7.50 hours for a total fee of $6,119.50.

| DAVIS EM | 01/25/10 | 4.40 | CONTINUE PREP FOR AND ATTEND OMNIBUS HEARING (4.1);.......... |
| DURRER II VC | 01/25/10 | 3.50 | PREPARE FOR AND ATTEND HEARING RE MOTION TO COMPEL DISCOVERY RE JAPAN SETTLEMENT BY COMMITTEE (1.5);....... |
| WRIGHT DL | 01/25/10 | 13.10 | PREPARE FOR AND ATTEND HEARING ON MOTION TO COMPEL (1.9);............ |

l.   On February 22, 2010, CMH (295), VCD (895), and DLW (680) (Partner, Associate, and Paralegal) attended the confirmation hearing. The total time spent including any preparation time was 18.90 hours[29] for a total fee of $11,982.00.

| 02/24/10 | CMH | 4.90 | ...........; prepare and organize binders, exhibits and additional documents for confirmation hearing (2.3); assist attorneys at hearing (1.3) |
| 02/24/10 | VCD | 3.50 | Attend confirmation hearing including announcement of Spansion Japan settlement (2.4);........ |
| 02/23/10 | DLW | 4.10 | ...........; gather exhibits for confirmation hearing (2.8);.............. |
| 02/24/10 | DLW | 5.30 | Prepare for and attend confirmation hearing (10.1);............ |

m.   On February 12, 2010, VCD (895), DLW (680), CMH (295), and AWC (975) (two Partners, Associate, and Paralegal) attended a hearing. The total time spent including any preparation time was 52.90 hours[30] for a total fee of $37,608.50.

---

[29] Time for this entry was located in the following project categories - (I) Litigation (General) and (ii) Reorganization Plan/Plan Sponsors.

[30] Time for this entry was located in the following project categories - (I) Litigation (General) and (ii) Reorganization Plan/Plan Sponsors.

| | | | |
|---|---|---|---|
| 02/11/10 | VCD | 6.10 | Meet with R. Furr to prepare for trial on classification matters (1.5);.........; prepare exhibits for trial (1.2);............; prepare argument (.9). |
| 02/10/10 | DLW | 2.20 | Gather exhibits for Spansion Japan/exhibit binders (1.2);.................. |
| 02/10/10 | DLW | 4.50 | Draft direct Q&A for R. Furr for confirmation hearing (3.9);................ |
| 02/11/10 | DLW | 9.10 | Prepare for classification hearing, including assisting with assembly of exhibits during snow emergency (5.2); revise Furr Q&A back into declaration (2.1); finalize declaration for filing including necessary exhibits (1.8). |
| 02/08/10 | CMH | 1.10 | ............; obtain and organize documents for hearing (.4). |
| 02/09/10 | CMH | 3.90 | ...........; obtain, organize and prepare documents, exhibits and binders for 2-11 hearing (3.6). |
| 02/12/10 | CMH | 5.80 | Prepare exhibits, documents and binders for hearing (3.2); assist attorneys at hearing (2.6). |
| 02/10/10 | AWC | 1.10 | Prepare for hearing (.5);............ |
| 02/11/10 | AWC | 3.80 | Prepare for hearing (3.0);............ |
| 02/12/10 | AWC | 6.50 | Prepare/attend hearing (5.8);............ |
| 02/09/10 | VCD | 1.10 | Prepare argument re classification matters (.4);........... |
| 02/12/10 | VCD | 8.90 | Meet with R. Furr to prepare for trial on classification issues (1.0); prepare for trial on classification issues (1.0); attend trial re same (6.4);....... |
| 02/12/10 | DLW | 7.20 | Prepare for and attend hearing on Spansion Japan motion to classify (7.2). |

| | | | |
|---|---|---|---|
| Air/Rail Travel - vendor feed | 12/13/09 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 12-13-2009. From: LAX LOS ANGELES CA-INTL To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: US USAIR Class: B COACH. Name: DURRER II, VAN C. | 1,319.60 |
| Air/Rail Travel - vendor feed | 12/08/09 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 12-08-2009. From: LAX LOS ANGELES CA-INTL To: JFK NEW YORK NY-KENNEDY Carrier: UA UNITED AIRLINES Class: B COACH. Name: DURRERII, VAN C. | 1,622.00 |
| Air/Rail Travel - vendor feed | 12/10/09 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 12-10-2009. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: DURRERII, VAN C. | 1,213.00 |
| Air/Rail Travel - vendor feed | 12/15/09 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 12-15-2009. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: DURRERII, VAN C. | 1,213.00 |
| Air/Rail Travel - vendor feed | 01/10/10 | Jackson NE<br>Agency: Carlson Wagonlit Travel. Depart: 01-10-2010. From: LAX LOS ANGELES CA-INTL To: JFK NEW YORK NY-KENNEDY Carrier: AA AMERICAN AIRLINES Class: B COACH. Name: JACKSON, NATHANIEL E. | 754.70 |
| Air/Rail Travel - vendor feed | 01/13/10 | Jackson NE<br>Agency: Carlson Wagonlit Travel. Depart: 01-13-2010. From: JFK NEW YORK NY-KENNEDY To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: H COACH. Name: JACKSON, NATHANIEL E. | 1,352.07 |
| Air/Rail Travel - vendor feed | 01/05/10 | Ramlo K<br>Agency: Carlson Wagonlit Travel. Depart: 01-05-2010. From: LAX LOS ANGELES CA-INTL To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: | 1,213.00 |

|                              |          | UA UNITED AIRLINES Class: B COACH. Name: RAMLO, KURT. |          |
|------------------------------|----------|-------------------------------------------------------|----------|
| Air/Rail Travel - vendor feed | 01/05/10 | Edelman MR<br>Agency: Carlson Wagonlit Travel. Depart: 01-05-2010. From: LAX LOS ANGELES CA-INTL To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: EDELMAN, MEREDITH R. | 1,213.00 |
| Air/Rail Travel - vendor feed | 01/05/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 01-05-2010. From: LAX LOS ANGELES CA-INTL To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: US USAIR Class: A COACH. Name: DURRERII, VAN C. | 1,353.60 |
| Air/Rail Travel - vendor feed | 01/05/10 | Ledford CM<br>Agency: Carlson Wagonlit Travel. Depart: 01-05-2010. From: LAX LOS ANGELES CA-INTL To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: US USAIR Class: A COACH. Name: LEDFORD, CHRISTOPHER. | 1,353.70 |
| Air/Rail Travel - vendor feed | 01/08/10 | Ma EC<br>Agency: Carlson Wagonlit Travel. Depart: 01-08-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: MA, EMILY C. | 1,258.00 |
| Air/Rail Travel - vendor feed | 01/08/10 | Ledford CM<br>Agency: Carlson Wagonlit Travel. Depart: 01-08-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: US USAIR Class: A COACH. Name: LEDFORD, CHRISTOPHER. | 1,358.70 |
| Air/Rail Travel - vendor feed | 01/08/10 | Roth CA<br>Agency: Carlson Wagonlit Travel. Depart: 01-08-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: US USAIR Class: A COACH. Name: ROTH, CARL. | 1,313.70 |

| | | | |
|---|---|---|---|
| Air/Rail Travel - vendor feed | 01/08/10 | Edelman MR<br>Agency: Carlson Wagonlit Travel. Depart: 01-08-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: EDELMAN, MEREDITH R. | 1,213.00 |
| Air/Rail Travel - vendor feed | 01/08/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 01-08-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: DURRERII, VAN C. | 1,213.00 |
| Air/Rail Travel - vendor feed | 01/09/10 | Roth CA<br>Agency: Carlson Wagonlit Travel. Depart: 01-09-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: US USAIR Class: A COACH. Name: ROTH, CARL. | 1,308.60 |
| Air/Rail Travel - vendor feed | 01/13/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 01-13-2010. From: JFK NEW YORK NY-KENNEDY To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: B COACH. Name: DURRERII, VAN C. | 1,581.10 |
| Air/Rail Travel - vendor feed | 01/24/10 | Clark AW<br>Agency: Carlson Wagonlit Travel. Depart: 01-24-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: SFO SAN FRANCISCO CA Carrier: US USAIR Class: A COACH; From: SFO SAN FRANCISCO CA To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: US USAIR Class: A COACH. Name: CLARK, ANTHONY W. reduced bill amount to reflect a $21 credit.  ticket no. 0377837519406. | 2,641.40 |
| Air/Rail Travel - vendor feed | 01/26/10 | Ma EC<br>Agency: Carlson Wagonlit Travel. Depart: 01-26-2010. From: SFO SAN FRANCISCO CA To: JFK NEW YORK NY-KENNEDY Carrier: UA UNITED AIRLINES Class: H COACH; From: JFK NEW YORK NY-KENNEDY To: PHL PHILADELPHIA PA-WILM'T-INTL Carrier: UA UNITED AIRLINES Class: H COACH; From: PHL PHILADELPHIA PA-WILM'T-INTL To: | 2,842.60 |

| | | | |
|---|---|---|---|
| | | LAX LOS ANGELES CA-INTL. Name: MA, EMILY C. | |
| Air/Rail Travel - vendor feed | 02/07/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 02-07-2010. From: LAX LOS ANGELES CA-INTL To: JFK NEW YORK NY-KENNEDY Carrier: AA AMERICAN AIRLINES Class: Y COACH. Name: DURRERII, VAN C. | 1,492.34 |
| Air/Rail Travel - vendor feed | 02/03/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 02-03-2010. From: LAX LOS ANGELES CA-INTL To: JFK NEW YORK NY-KENNEDY Carrier: UA UNITED AIRLINES Class: H COACH; From: JFK NEW YORK NY-KENNEDY To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: H COACH. Name: DURRERII, VAN C.<br>reduced bill amount by the partial credit received of $1,585.14. ticket no. 0167838180908. | 1,630.26 |
| Air/Rail Travel - vendor feed | 02/05/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 02-05-2010. From: JFK NEW YORK NY-KENNEDY To: LAX LOS ANGELES CA-INTL Carrier: AA AMERICAN AIRLINES Class: Y COACH. Name: DURRERII, VAN C. | 1,665.70 |
| Air/Rail Travel - vendor feed | 02/12/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 02-12-2010. From: PHL PHILADELPHIA PA-WILM'T-INTL To: LAX LOS ANGELES CA-INTL Carrier: UA UNITED AIRLINES Class: Y COACH. Name: DURRERII, VAN C. | 1,161.10 |
| Air/Rail Travel - vendor feed | 02/22/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 02-22-2010. From: LAX LOS ANGELES CA-INTL To: JFK NEW YORK NY-KENNEDY Carrier: UA UNITED AIRLINES Class: B COACH. Name: DURRERII, VAN C. | 1,626.10 |

| | | | |
|---|---|---|---|
| Air/Rail Travel - vendor feed | 02/24/10 | Durrer II VC<br>Agency: Carlson Wagonlit Travel. Depart: 02-24-2010. From: JFK NEW YORK NY-KENNEDY To: LAS LAS VEGAS NV-MCCARRAN Carrier: DL DELTA AIR LINES Class: Y COACH. Name: DURRERII, VAN C. | 1,012.70 |

Exhibit C.

| | | | |
|---|---|---|---|
| Car Service (manual entries) | 12/31/09 | Boston Coach Corp. | 143.92 |
| Car Service (manual entries) | 12/31/09 | Boston Coach Corp. | 215.60 |
| Out-of-Town Travel | 12/10/09 | The Eagle's Nest, Inc.<br>Van Durrer: Out of town travel 12/8/09 - 12/10/09 | 95.70 |
| Car Service Vendor Feeds | 01/10/10 | Jackson NE | 71.50 |
| Car Service Vendor Feeds | 01/13/10 | Jackson NE | 62.50 |
| Car Service Vendor Feeds | 01/19/10 | Ishizuka N | 75.95 |
| Out-of-Town Travel | 01/24/10 | Ma EC<br>*** Relating To Trip From: San Francisco; Departure Date: 01/26/10; To: Wilmington; Return Date: 01/29/10 ***<br>Business Purpose: Cab fare from San Jose Airport to Palo Alto. | 70.00 |
| Out-of-Town Travel | 01/01/10 | Roth CA<br>*** Relating To Trip From: Los Angeles; Departure Date: 01/02/10; To: Chicago; Return Date: 01/08/10 ***Business Purpose: Taxi from LAX to Home (La Habra Heights) | 110.00 |
| Out-of-Town Travel | 01/08/10 | Ledford CM<br>*** Relating To Trip From: Los Angeles; Departure Date: 01/05/09; To: Wilmington; Return Date: 01/08/09 ***<br>Business Purpose: Taxi from LAX to home. | 78.00 |
| Out-of-Town Travel | 01/08/10 | Roth CA<br>VENDOR: The Eagle's Nest, Inc.; INVOICE#: 17885; DATE: 1/15/2010 - Out of town travel - 1/8/10 - 1/14/10 | 95.70 |

| | | | |
|---|---|---|---|
| Out-of-Town Travel | 01/24/10 | Clark AW<br>*** Relating To Trip From: Wilmington;<br>Departure Date: 01/24/10; To: Palo Alto;<br>Return Date: 01/27/10 ***<br>Business Purpose: Boston Coach car service<br>regarding trip to Palo Alto, CA | 158.80 |
| Out-of-Town Travel | 01/26/10 | Clark AW<br>*** Relating To Trip From: Wilmington;<br>Departure Date: 01/24/10; To: East Palo<br>Alto; Return Date: 01/27/10 ***<br>Business Purpose: Taxi from Four Seasons<br>to San Francisco Airport | 70.00 |
| Out-of-Town Travel | 02/24/10 | Durrer II VC<br>VENDOR: The Eagle's Nest, Inc.;<br>INVOICE#: 18036; DATE: 2/26/2010 -<br>Out of town travel 2/19/10 - 2/24/10 | 89.70 |
| Out-of-Town Travel | 02/24/10 | Durrer II VC<br>VENDOR: The Eagle's Nest, Inc.;<br>INVOICE#: 18036; DATE: 2/26/2010 -<br>Out of town travel 2/19/10 - 2/24/10 | 75.08 |
| Car Service (manual entries) | 02/14/10 | Boston Coach Corp. | 107.30 |
| Car Service (manual entries) | 02/14/10 | Boston Coach Corp. | 107.30 |
| Car Service (manual entries) | 02/14/10 | Boston Coach Corp. | 107.30 |
| Car Service (manual entries) | 02/14/10 | Boston Coach Corp. | 116.64 |
| Car Service (manual entries) | 02/14/10 | Boston Coach Corp. | 106.91 |
| Out-of-Town Travel | 02/10/10 | Durrer II VC<br>VENDOR: The Eagle's Nest, Inc.;<br>INVOICE#: 17982; DATE: 2/12/2010 -<br>Out of town travel   2/10/10 | 57.90 |
| Car Service Vendor Feeds | 02/04/10 | Durrer II VC | 111.43 |
| Car Service Vendor Feeds | 02/05/10 | Durrer II VC | 89.25 |
| Car Service Vendor Feeds | 02/22/10 | Durrer II VC | 84.82 |

| Out-of-Town Travel | 02/12/10 | Durrer II VC | 92.00 |

VENDOR: Buker Limousine; INVOICE#: 19521; DATE: 3/9/2010  -  Out of Town Travel

Response Exhibit 1.

In the Report, you request an explanation as to why multiple professionals attended certain hearings, depositions and meetings. To provide a bit of context, the litigation that Skadden, Arps was responsible for involved the assertion of administrative claims in the approximate amount of half a billion dollars and the assertion of rejection damage claims in the amount of over $1 billion. *See* Motion of GE Financial Services Corporation (f/k/a GE Capital Leasing Corporation) For Allowance And Payment Of Administrative Expense Claims (Docket No. 1213); Debtors' Motion For Order Under 11 U.S.C. §§ 105, 502(c), 503(b) And 1129(a)(11) Determining And Estimating Amount Of Administrative Expense Claim Of Spansion Japan Limited Relating To Manufacture Of Integrated Flash Memory Circuits (Docket No. 1657); Debtors' Motion To Dismiss The Motion Of GE Financial Service Corporation (f/k/a GE Capital Leasing Corporation) For Allowance And Payment Of Administrative Expense Claim [Docket No. 1213] For Lack Of Standing (D.I. 1658); and Motion Of Spansion Japan Limited For Entry Of An Order Pursuant To 11 U.S.C. § 503(b) Allowing Certain Claims of Spansion Japan Limited As Administrative Expense And Directing Payment Of Same (Docket No. 1698) (collectively, the "Spansion Japan Litigation"). In light of the magnitude of the Spansion Japan Litigation, Skadden, Arps determined that it was appropriate to staff the matter with lawyers who concentrated their practices in particular fields. In general terms, the core team was comprised of Anthony Clark, a senior bankruptcy litigator and the senior partner on the team from the Wilmington office; Davis Wright, a senior bankruptcy associate who was the lead associate on the case in general; Carl Roth, a senior litigation counsel in Los Angeles who was primarily responsible for managing the various expert witness aspects of the litigation; Amr Razzak, a corporate partner in Palo Alto who along with Nathanial Jackson, a senior corporate associate in Los Angeles were primarily responsible for documenting the transactional settlement ultimately reached with Spansion Japan Limited ("Spansion Japan") and Emily Ma, a bankruptcy associate in Los Angeles who provided associate support for a variety of tasks related to the litigation and settlement. The undersigned was the lead partner on the case, and I have also been certified by the American Board of Certification in the field of Business Bankruptcy Law since 2007.

With that general background, as to the specific staffing issues that the Report highlights, Skadden, Arps submits the following:

a.         On December 10, 2009, DBA and KR attended the deposition of GE. In connection with the Spansion Japan Litigation, the Debtors noticed the deposition of a Rule 30(b)(6) representative of GE Japan Corporation ("GE Japan"). GE Japan identified Mr. Gupta as its fact witness. In an effort to reduce expenses for the Debtors, Skadden, Arps identified a team of individuals qualified to handle offensive and defensive depositions. During the Spansion Japan Litigation, it was agreed that most fact depositions would take place on the West Coast. As a result, the team involved with fact depositions consisted of an experienced litigator and an experienced bankruptcy practitioner both from the West Coast. Mr. Adler, a litigation partner, and Mr. Ramlo, a bankruptcy counsel, both from Skadden, Arps' Los Angeles office, prepared for and defended these depositions. Mr. Adler and Mr. Ramlo worked as a team during the depositions and preparation sessions.

b.         On December 16, 2009, DBA, VCD and KR attended a Kispert Deposition session. In connection with the Spansion Japan Litigation, Spansion Japan noticed the fact deposition of Mr. Kispert, Spansion's Chief Executive Officer. As lead partner on the Representation, I attended this preparation session in that capacity and at the request of Mr. Kispert. Mr. Ramlo attended to prepare Mr. Kispert on the bankruptcy-specific issues relating to GE Japan's administrative expense claims. Mr. Adler attended this preparation session in order to act as opposing counsel and provide Mr. Kispert with an

understanding of the deposition and discovery process

c.  On December 17 and 18, 2009, DBA and KR attended the depositions of R. Furr and J. Kispert respectively.  In connection with the Spansion Japan Litigation, Spansion Japan noticed the fact depositions of Mr. Furr, Spansion's Chief Financial Officer, and Mr. Kispert, Spansion's Chief Executive Officer.  In an effort to reduce expenses for the Debtors, Skadden, Arps identified a team of individuals to handle offensive and defensive depositions.  As noted above, the team consisted of an experienced litigator and an experienced bankruptcy practitioner.  Mr. Adler, a litigation partner, and Mr. Ramlo, a bankruptcy counsel, both from Skadden, Arps' Los Angeles office, prepared for and defended these depositions.  Mr. Adler and Mr. Ramlo worked as a team during the depositions and preparation sessions.

d.  On December 30, 2009, DBA and KR attended the deposition of Kathuria.  In connection with the Spansion Japan Litigation, Spansion Japan noticed the fact deposition of Mr. Kathuria, a Vice President of Spansion.  In an effort to reduce expenses for the Debtors, Skadden, Arps identified a team of individuals to handle offensive and defensive depositions.  As noted above, the team consisted of an experienced litigator and an experienced bankruptcy practitioner.  Mr. Adler, a litigation partner, and Mr. Ramlo, a bankruptcy counsel, both from Skadden, Arps' Los Angeles office, prepared for and defended or took these depositions.  Mr. Adler and Mr. Ramlo worked as a team during the depositions and preparation sessions.

e.  On January 28, 2010, AWC and VCD attended the deposition of R. Furr.  In connection with objection of the Official Committee of Unsecured Creditors' (the "Creditors' Committee") objection to the Joint Motion For Order Pursuant To 11 U.S.C. Section 105, 363, 1501 And 1521 And Fed. R. Bankr. P. 6004 And 9019 Approving Settlement Between Spansion LLC And Spansion Japan (Docket No. 2340) (the "Joint Settlement Motion"), the Creditors' Committee noticed the deposition of Mr. Furr for January 28, 2010.  The Court had previously set the Joint Settlement Motion for hearing on the next day, January 29, 2010.  Skadden Arps had already determined that the hearing on this matter would be staffed by Mr. Clark, our senior litigation partner in Wilmington, and myself, the lead partner on the case, because of our familiarity with the settlement and because the settlement approval would be tried in a bankruptcy court in Delaware.  Because the expedited schedule severely limited preparation time between Mr. Furr's deposition and the hearing on the Joint Settlement Motion, we both attended the deposition as it would have been inefficient to involve other persons and then require those persons to brief Mr. Clark and myself in the short time period before the hearing to occur the following business day.  Under the circumstances, we believe that this was the best and most professional way to approach formulating responses to the Creditors' Committee's factual contentions and legal argument at the January 29 hearing.

f.  On January 12, 2010, VCD, HS, and NEJ attended a meeting.  As announced to the Court at the January 8, 2010 hearing, the Debtors, Spansion Japan and GE Japan reached a settlement in principle with regarding Spansion Japan's and GE Japan's motions for payment of administrative expenses.  One of the settlement conditions was that the parties would meet to formalize and finalize the terms of a new foundry agreement, a bailment agreement, an intellectual property license, an asset purchase agreement and several additional transactional documents.  The parties met in New York from January 11-12, 2010 to negotiate the terms of these various settlement documents (the "Settlement Negotiations").

Given the abbreviated time within which the parties had to conclude the negotiation of the various transactional documents and the fact that the key negotiators were located on the West Coast and in Japan, the parties decided to conduct the negotiation meetings in New York.  Skadden Arps determined to add Mr. Hiroshi Sarumida, a Japanese-speaking corporate counsel in the New York office of Skadden,

Arps to avoid bringing some of our corporate team-members from the West Coast to attend these meetings and also to facilitate the settlement dialogue in Japanese as much as possible. Nathaniel Jackson attended the meeting as the key scrivener of the transactional documents. I attended the meeting as the primary negotiator on behalf of the Debtors as I am the lead partner on the Representation.

> On January 18, 2010, VCD, AR and HS attended a meeting. The January 18, 2010 meeting in

g.

New York City was a continuation of the Settlement Negotiations. The Debtors, Spansion Japan and GE Japan engaged in final negotiations prior to filing the Joint Settlement Motion on the evening of January 18, 2010.

As with the Settlement Negotiations, Mr. Sarumida attended the January 18, 2010 meeting for the reasons discussed above. This portion of the Settlement Negotiations involved more sophisticated issues than prior meetings, so it was important for Amr Razzak, the corporate partner staffed on the Representation, to attend, particularly with respect to the Debtors' acquisition of Spansion Japan's Kawasaki business pursuant to the settlement documents. Again, as the lead partner on the Representation, I attended the meeting as the primary negotiator on behalf of the Debtors.

h.     On December 10, 2009, DBA, AWC, VCD and KR attended a hearing. In connection with the Spansion Japan Litigation, Spansion Japan filed the Motion Of Spansion Japan Limited For An Order Compelling Debtors To Produce Documents (Docket No. 1837) related to pricing negotiations resulting in the 2004 and 2007 Foundry Agreements. The Debtors also filed their Motion Of Debtors For Protective Order Limiting Depositions (Docket No. 1872) seeking to preclude Spansion Japan from deposing Mark Mohler and Paul Sakai. I attended the hearing and argued on behalf of the Debtors in support of the motion for protective order and against the motion to compel. Mr. Clark, as the lead bankruptcy litigation partner in the Wilmington office, accompanied me in that capacity. Messrs. Ramlo and Adler were deposing GE Japan's 30(b)(6) witness, Mr. Bhupesh Gupta, in San Francisco on December 10, 2009. When Mr. Robert Hamilton, lead litigation counsel for Spansion Japan, appeared telephonically at the December 10, 2009 hearing, Messrs. Adler and Ramlo were also in the conference room with Mr. Hamilton. In connection with discovery-related motions, representations regarding who said what regarding discovery can be important, so it was necessary for Messrs. Adler and Ramlo to participate, because they had engaged in the most recent conversations with Spansion Japan's counsel on the topic. In addition, making personal appearances on important matters before the court (rather than telephonic appearances) is also important, in our view. **Nonetheless, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $1,049.00 which represents the time that Messrs. Adler and Ramlo spent attending the December 10, 2009 hearing.**

i.     On January 8, 2010, VCD, AWC, CAR, MRE, ECM, DLW and CMH attended a hearing. Pursuant to the entered scheduling order, January 8, 2010 was set aside for an evidentiary hearing (the "Evidentiary Hearing") on the Spansion Japan Litigation.

The Evidentiary Hearing was intended to include the participation of multiple parties (the Debtors, the Official Committee of Unsecured Creditors, Spansion Japan, GE Japan, and the Debtors' senior noteholders), the prosecution of the various contested matters listed above, the live testimony of three expert witnesses and approximately a half dozen fact witnesses. Mr. Clark is the lead bankruptcy litigation partner in Wilmington on the Representation and attended the Evidentiary Hearing in that capacity. As noted above, Mr. Roth attended as he was primarily responsible for handling the expert witness presentations and cross-examinations. Mr. Wright, the senior associate assigned to the Representation attended the Evidentiary Hearing in order to be able to adequately staff the matter. Ms. Ma and Ms. Edelman, associates from Skadden, Arps' Los Angeles office, assisted with preparing the

many witnesses and exhibits for the Evidentiary Hearing. Their attendance at the Evidentiary Hearing was necessary in case counsel was required to conduct additional research or locate and/or introduce exhibits, particularly during cross-examination and re-direct. Mr. Heaney, a paralegal in the Firm's Wilmington office, was the lead paralegal for the Evidentiary Hearing and was instrumental in preparing exhibits and transporting these exhibits to the Bankruptcy Court. I was present at the Evidentiary Hearing and was prepared to prosecute the matter as lead partner on the Representation.

Although the Spansion Japan Litigation settled, the terms were not agreed until the various parties literally stepped into the courtroom for the Evidentiary Hearing. Moreover, the settlement remained subject to documentation, including the filing of a motion for approval of the settlement and a subsequent hearing. As indicated by the time detail cited in the Report, given the prospect of settlement, Mr. Roth did not ultimately attend the Evidentiary Hearing. Given this savings, we believe that the amounts sought are entirely appropriate. **Nonetheless, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $688.75 which represents half of the time that Ms. Edelman and Ms. Ma spent attending the January 8, 2010 hearing.**

j        On January 29, 2010, VCD, ECM, DLW, AWC and CMH attended a hearing. The Court set January 29, 2010 as the hearing date for the following motions: (1) Motion [of Spansion Japan Limited] To Extend Time Period To Make Election Under Section 365(n) Of The Bankruptcy Code (Docket No. 2133); (2) Motion To Authorize The Official Committee Of Unsecured Creditors To Commence And Prosecute Certain Preference Claims Of Debtors' Estates Against Spansion Japan Limited (Docket No. 2318); and (3) Joint Settlement Motion. In connection with the Joint Settlement Motion, because the Creditors' Committee opposed the settlement, the Debtors were required to present documentary and testimonial evidence that the settlement with Spansion Japan was a valid exercise of the Debtors' business judgment.
I attended the hearing as the lead partner of the Representation and argued and presented witnesses on behalf of the Debtors during this hearing. Mr. Clark attended the hearing in order to handle the cross-examination of any witnesses, if any, called by the Creditors' Committee. Additionally, Mr. Clark was primarily responsible for preparing Mr. Randy Furr for his January 28th deposition and this hearing. As such, Mr. Clark was uniquely positioned to provide this litigation support. Mr. Wright attended the hearing in his role as senior associate on the Representation. His attendance was necessary in order to assist with the management of the hearing process, to be able to adequately assign issues to more junior associates and assist with the finalization of the settlement order. Ms. Ma was the primary draftsperson with respect to the Joint Settlement Motion, and she was intimately familiar with the details of the underlying transaction documents. Mr. Heaney, a Wilmington office paralegal, provided hearing assistance, but did not attend the hearing. However, Mr. Heaney did locate and print copies of various documents, including exhibits and draft orders, and delivered them to the Bankruptcy Court for use during the hearing.

k.        On January 25, 2010, EMD, VCD, DLW attended a hearing. In connection with the Joint Settlement Motion, the Creditors' Committee filed a motion to compel production of certain documents relating to the settlement and scheduled a status conference for the January 25, 2010 omnibus hearing. I requested that my partner, Eric M. Davis, attend the January 25, 2010 hearing because a number of the Committee's complaints were also addressed in the November 24, 2009 hearing, where Mr. Davis attended and argued. Mr. Wright, as the senior associate assigned to the Representation, was the primary person responsible for document production matters, and he attended the hearing in order to be able to adequately address such issues in connection with the motion to compel. I attended the hearing in my role as the lead partner on the Representation and defended the Debtors in connection with the motion to

compel.  **Nonetheless, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $1,615.00 which represents the time that Mr. Davis spent attending the January 25, 2010 hearing.**

l.　　<u>On February 22, 1010, CMH, VCD and DLW attended the confirmation hearing.</u>  The Debtors' hearing on confirmation of the Debtors' Second Amended Joint Plan of Reorganization Dated February 8, 2010 (As Amended) (Docket No. 2682) (the "<u>Plan</u>") began on February 24, 2010.  The Debtors' settlement of the Spansion Japan Litigation was an integral aspect of the Plan.  Furthermore, confirmation of the Plan was a condition precedent to closing on the new foundry agreement and related settlement documents with Spansion Japan.  I attended the first two-plus hours of the confirmation hearing as lead partner on the Representation and described to the Court the status of the settlement with Spansion Japan and responded to the Court's questions regarding the same.  Furthermore, I attended to address any statements or objections that might come from Spansion Japan or GE Japan.  At the Debtors' request, Mr. Wright attended the full day of the Confirmation so that Skadden, Arps would have a continued presence at the hearing in the event that any interested party raised an issue regarding the Debtors' settlement with Spansion Japan following my initial announcement and comments.  Mr. Heaney did not attend the confirmation hearing.  Mr. Heaney's tasks included delivery of certain necessary exhibits and copies of modified confirmation orders (which were modified at the request of GE Japan and Spansion Japan).

m.　　<u>On February 12, 2010, VCD, DLW, CMH and AWC attended a hearing.</u>  In connection with certain negotiations regarding the Plan, the Debtors classified Spansion Japan's rejection damages claim in Class 5C.  The Debtors opted to provide for this particular treatment because of the existence of certain defenses the Debtors believed were applicable and certain traits peculiar to the Spansion Japan rejection damages claim.  Spansion Japan disagreed and filed its Motion Of Spansion Japan Limited For An Order (I) Determining The Proper Classification Of Spansion Japan's Rejection Damages Claim And (II) Requiring The Debtors To Establish A Reserve Under The Plan For Distributions On Account Of Spansion Japan's Rejection Damages Claim (Docket No. 2633).  The Court set February 12, 2010 as the hearing date for this motion.

I attended this hearing in my capacity as the lead partner on the Representation and argued on behalf of the Debtors in objection to reclassification.  Mr. Clark attended the hearing to defend Mr. Furr's testimony, if necessary, and examine any Spansion Japan witnesses as the lead bankruptcy litigation partner in Wilmington.  Mr. Wright attended the hearing in his capacity as senior associate on the Representation and managed the exhibit process.  Furthermore, Mr. Wright's attendance was necessary as he was assigned to assist the Debtors' general bankruptcy counsel with any plan modifications required with respect to Spansion Japan.  Mr. Heaney, a Wilmington office paralegal, did not physically attend the hearing.  Mr. Heaney assisted with the delivery and retrieval of exhibit binders, located, printed and marked previous hearing transcripts as exhibits and made repeated trips to Bankruptcy Court in support of the Skadden, Arps team at the hearing.

<u>Response Exhibit 2.</u>

Below, we have provided more detailed information regarding the charges, including certain charges related to the hotel stays. We have also noted items that we are willing to reduce in response to your comments. With respect to internet access charges in particular, Skadden, Arps believes that such charges were necessary in order to assist Skadden, Arps professionals in preparing for the numerous depositions and other discovery matters scheduled during this time.

The detailed itemization of hotel charges requested in the Report is as follows:

**Attorney**: V. Durrer        **Hotel**: Four Seasons Hotel     **City**: Palo Alto, CA

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 11/18/2009 | 1 | $395.00 | $48.70 | $30.99 | $474.69 |

**Reason for Travel**: Mr. Durrer traveled to Palo Alto at the Debtors' request to participate in negotiations between Spansion, Inc. and Spansion Japan Limited.
**Explanation of Miscellaneous Charges:** Internet Use Charge: $15.00; Movie Rental: $15.99.

**Attorney**: V. Durrer
**Hotel**: Garden Court Hotel     **City**: Palo Alto, CA

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 11/19/2009 | 1 | $299.00 | $35.88 | $0.00 | $334.88 |

**Reason for Travel**: Mr. Durrer traveled to Palo Alto at the Debtors' request to participate in negotiations between Spansion, Inc. and Spansion Japan Limited.
**Explanation of Miscellaneous Charges:** Not applicable.

**Attorney**: C. Roth
**Hotel**: Grand Hyatt     **City**: San Francisco, CA

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 12/31/2009 | 1 | $289.00 | $44.93 | $0.00 | $333.93 |

**Reason for Travel**: Mr. Roth traveled to San Francisco for the depositions of Mr. Scott W. Jones on December 29, 2009 and Mr. Scott Powers on December 31, 2009. Due to flight schedules and availability and the later ending of Mr. Powers deposition, Mr. Roth was unable to depart San Francisco on December 31, 2009.
**Explanation of Miscellaneous Charges:** Not applicable.

**Attorney**: E. Ma
**Hotel**: Four Seasons Hotel     **City**: Palo Alto, CA

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 1/24/2010 | 2 | $305.00 | $37.83 | $86.25 | $771.91 |

**Reason for Travel**: Ms. Ma traveled to Palo Alto to assist with the preparation of the deposition of Randy Furr.
**Explanation of Miscellaneous Charges:** Internet Use Charge: 2 x $15.00; Printing Charges: $56.25.

Upon review, Skadden, Arps is willing to reduce the amounts sought in the Interim Application by $560.94 which represents the entirety of my November 18, 2009 stay at the Four Seasons Hotel and the total miscellaneous charges associated with Ms. Ma's January 24, 2010 stay at the Four Seasons Hotel.

<u>Response Exhibit 3.</u>

In particular, you inquired about the potential impact of so-called "Y-up" fares. In summary, the use of Y-up fares reduced the Debtors' net expense by $218.14. Specifically, while Y-up fares were occasionally higher (by $1,517.21), Y-up fares actually reduced the Debtors' expense by a greater amount ($1,735.35). **Nonetheless, Skadden Arps is willing to reduce the amounts sought in the Interim Application by $1,517.21 which represents the full amount of Y-up fare increases while still giving the Debtors the benefit of the $1,735.35 in reductions from the use of Y-up fares.**

The detailed itemization requested in the Report with respect to air travel expenses (including the Y-up fare differences) is as follows:

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities: Amount:**
12/8/2009        Los Angeles, CA to New York, NY        $1,622.00
**Y-up**:   Yes        **Standard Coach Fare**: $1,308.70        **Difference**:        $313.30

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities: Amount:**
12/10/2009        Philadelphia, PA to Los Angeles, CA        $1,213.00
**Y-up**:   Yes        **Standard Coach Fare**: $1,338.70        **Difference**:        $(125.70)

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities: Amount:**
12/13/2009        Los Angeles, CA to Philadelphia, PA        $1,319.60
**Y-up**:   No        **Standard Coach Fare**: N/A        **Difference**:        N/A

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities: Amount:**
12/15/2009        Philadelphia, PA to Los Angeles, CA        $1,319.60
**Y-up**:   Yes        **Standard Coach Fare**: $1,338.70        **Difference**:        $(125.70)

**Attorney**: N. Jackson
**Reason for Travel**:
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities: Amount:**
1/10/2010        Los Angeles, CA to New York, NY        $754.70
**Y-up**:   Yes        **Standard Coach Fare**: $1,313.70        **Difference**:        $(559.00)

**Attorney**: N. Jackson

**Reason for Travel**:
**Type of Travel**: Air Travel        **Fare Class**: H Coach
**Date:   Cities**:  **Amount:**
1/13/2010            New York, NY to Los Angeles, CA        $1,352.07
**Y-up**:   Yes        **Standard Coach Fare**: $1,338.70        **Difference**:        $13.37

**Attorney**: K.Ramlo
**Reason for Travel**: Travel to Wilmington, DE to assist in preparation for and participate in evidentiary hearing in connection with the Spansion Japan Litigation.
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities**:  **Amount:**
1/5/2010            Los Angeles, CA to Philadelphia, PA        $1,213.00
**Y-up**:   Yes        **Standard Coach Fare**: $1,358.70        **Difference**:        $(145.70)

**Attorney**: M. Edelman
**Reason for Travel**: Travel to Wilmington, DE to assist in preparation for and participate in evidentiary hearing in connection with the Spansion Japan Litigation.
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities**:  **Amount:**
1/5/2010            Los Angeles, CA to Philadelphia, PA        $1,213.00
**Y-up**:   Yes        **Standard Coach Fare**: $1,358.70        **Difference**:        $(145.70)

**Attorney**: V. Durrer
**Reason for Travel**: Travel to Wilmington, DE to assist in preparation for and participate in evidentiary hearing in connection with the Spansion Japan Litigation.
**Type of Travel**: Air Travel        **Fare Class**: A Coach
**Date:   Cities**:  **Amount:**
1/5/2010            Los Angeles, CA to Philadelphia, PA        $1,353.60
**Y-up**:   Yes        **Standard Coach Fare**: $1,308.70        **Difference**:        $44.90

**Attorney**: C. Ledford
**Reason for Travel**: Travel to Wilmington, DE to assist in preparation for and participate in evidentiary hearing in connection with the Spansion Japan Litigation.
**Type of Travel**: Air Travel        **Fare Class**: A Coach
**Date:   Cities**:  **Amount:**
1/5/2010            Los Angeles, CA to Philadelphia, PA        $1,353.70
**Y-up**:   Yes        **Standard Coach Fare**: $1,308.70        **Difference**:        $45.00

**Attorney**: E. Ma
**Reason for Travel**: Spansion Japan Litigation settled; evidentiary hearing cancelled.
**Type of Travel**: Air Travel        **Fare Class**: B Coach
**Date:   Cities**:  **Amount:**
1/8/2010            Philadelphia, PA to Los Angeles, CA        $1,258.00
**Y-up**:   Yes        **Standard Coach Fare**: $1,358.70        **Difference**:        $(100.70)

**Attorney**: C. Ledford
**Reason for Travel**: Spansion Japan Litigation settled; evidentiary hearing cancelled.
**Type of Travel**: Air Travel        **Fare Class**: A Coach

**Date:** **Cities:** **Amount:**
1/8/2010 Philadelphia, PA to Los Angeles, CA $1,358.00
**Y-up:** Yes **Standard Coach Fare**: $1,308.70 **Difference**: $50.00

**Attorney**: C. Roth
**Reason for Travel**: Spansion Japan Litigation settled; evidentiary hearing cancelled.
**Type of Travel**: Air Travel **Fare Class**: A Coach
**Date:** **Cities:** **Amount:**
1/8/2010 Philadelphia, PA to Los Angeles, CA $1,313.70
**Y-up:** Yes **Standard Coach Fare**: $1,308.70 **Difference**: $5.00

**Attorney**: M. Edelman
**Reason for Travel**: Spansion Japan Litigation settled; evidentiary hearing cancelled.
**Type of Travel**: Air Travel **Fare Class**: B Coach
**Date:** **Cities:** **Amount:**
1/8/2010 Philadelphia, PA to Los Angeles, CA $1,213.00
**Y-up:** Yes **Standard Coach Fare**: $1,358.70 **Difference**: $(145.70)

**Attorney**: V.Durrer
**Reason for Travel**: Spansion Japan Litigation settled; evidentiary hearing cancelled.
**Type of Travel**: Air Travel **Fare Class**: B Coach
**Date:** **Cities:** **Amount:**
1/8/2010 Philadelphia, PA to Los Angeles, CA $1,213.00
**Y-up:** Yes **Standard Coach Fare**: $1,358.70 **Difference**: $(145.70)

**Attorney**: C. Roth
**Reason for Travel**: Spansion Japan Litigation settled; evidentiary hearing cancelled.
**Type of Travel**: Air Travel **Fare Class**: A Coach
**Date:** **Cities:** **Amount:**
1/9/2010 Philadelphia, PA to Los Angeles, CA $1,308.60
**Y-up:** Yes **Standard Coach Fare**: $1,389.50 **Difference**: $(80.90)

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel **Fare Class**: B Coach
**Date:** **Cities:** **Amount:**
1/13/2010 New York, NY (JFK) to Los Angeles, CA $1,581.10
**Y-up:** Yes **Standard Coach Fare**: $1,338.70 **Difference**: $242.40

**Attorney**: A. Clark
**Reason for Travel**: Travel to prepare for and defend deposition of R. Furr; return.
**Type of Travel**: Air Travel **Fare Class**: A Coach
**Date:** **Cities:** **Amount:**
1/24/2010 Philadelphia, PA to San Francisco, CA; return $2,641.40
**Y-up:** Yes **Standard Coach Fare**: $2,786.95 **Difference**: $(145.55)

**Attorney**: E. Ma
**Reason for Travel**:

**Type of Travel**: Air Travel      **Fare Class**: H Coach
**Date:**    **Cities:**    **Amount:**
1/26/2010      San Francisco, CA to New York, NY; New York, NY to Philadelphia, PA; Philadelphia, PA to Los Angeles, CA $2,842.600
**Y-up**: Yes      **Standard Coach Fare**: $2,807.40      **Difference**:    $35.20


**Attorney**: V. Durrer
**Reason for Travel**: **REFUNDED**
**Type of Travel**: Air Travel      **Fare Class**: H Coach
**Date:**    **Cities:**    **Amount:**
2/3/2010      Los Angeles, CA to New York, NY    $1,630.26
**Y-up**: Yes      **Standard Coach Fare**:      **Difference**:    $

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel      **Fare Class**: Y Coach
**Date:**    **Cities:**    **Amount:**
2/5/2010      New York, NY to Los Angeles, CA    $1,665.70
**Y-up**: Yes      **Standard Coach Fare**: $1,338.70      **Difference**:    $327.00

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel      **Fare Class**: Y Coach
**Date:**    **Cities:**    **Amount:**
2/7/2010      Los Angeles, CA to New York, NY    $1,492.34
**Y-up**: Yes      **Standard Coach Fare**: $1,338.70      **Difference**:    $153.64

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel      **Fare Class**: Y Coach
**Date:**    **Cities:**    **Amount:**
2/12/2010      Philadelphia, PA to Los Angeles, CA    $1,161.10
**Y-up**: No      **Standard Coach Fare**: N/A    **Difference**:    N/A

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel      **Fare Class**: B Coach
**Date:**    **Cities:**    **Amount:**
2/22/2010      Los Angeles, CA to New York, NY    $1,626.10
**Y-up**: Yes      **Standard Coach Fare**: $1,338.70      **Difference**:    $287.40

**Attorney**: V. Durrer
**Reason for Travel**:
**Type of Travel**: Air Travel      **Fare Class**: Y Coach
**Date:**    **Cities:**    **Amount:**
2/24/2010      New York, NY to Las Vegas, NV    $1,012.70
**Y-up**: Yes      **Standard Coach Fare**: $1,027.70      **Difference**:    $(15.00)

<u>Response Exhibit 4.</u>

By way of explanation, Skadden, Arps will occasionally utilize a private car service in lieu of a taxi in order to have a more professional, private environment within which to conduct business during travel. Skadden, Arps has found that having such an environment allows for more business to be conducted during travel, including for clients other than the Debtors, which results either in more efficient service for the Debtors or reduced costs for the Debtors (to the extent that travel time is spent accommodating other clients) or both. Nonetheless, Skadden Arps is willing to reduce the amounts sought in the Interim Application by $1,569.85 which represents the amount of private car service charges.

The detailed itemization of ground transportation charges requested in the Report is as follows:

| Attorney | Date | Service | Origination | Destination | Amount |
|----------|------|---------|-------------|-------------|--------|
| V. Durrer | 12/31/2009 | Boston Coach Corp | SJC 2825 WN | 525 Univ. Ave Palo Alto | $143.92 |
| | | Explanation: Skadden, Arps will waive this charge. | | | |
| V. Durrer | 12/31/2009 | Boston Coach Corp | 140 Scott Dr. Menlo Park | Palo Alto | $215.60 |
| | | Explanation: Skadden, Arps will waive this charge. | | | |
| V. Durrer | 12/10/2009 | The Eagle's Nest | SASMF Wilm. | PHL | $95.70 |
| | | Explanation: Skadden, Arps will waive this charge. | | | |
| N. Jackson | 1/10/2010 | Dial Car | JFK | 160 Central Park | $71.50 |
| N. Jackson | 1/13/2010 | Dial Car | 160 Central Park | JFK | $62.50 |
| N. Ishizuka | 1/19/2010 | Dial Car | 38 E 37 ST | JFK | $75.95 |
| E. Ma | 1/24/2010 | Cab / Taxi | San Jose Airp. | Palo Alto | $70.00 |
| | | Explanation: Attorney used taxi service for transportation. | | | |
| C. Roth | 1/1/2010 | Cab / Taxi | LAX | Residence | $110.00 |
| | | Explanation: Attorney used taxi service for transportation. | | | |
| C. Ledford | 1/8/2010 | Cab / Taxi | LAX | Residence | $78.00 |
| | | Explanation: Attorney used taxi service for transportation. | | | |
| C. Roth | 1/8/2010 | The Eagle's Nest | SASMF Wilm. | PHL | $95.70 |
| | | Explanation: Skadden, Arps will waive this charge. | | | |
| A. Clark | 1/24/2010 | Boston Coach Corp | SFO | Four Seasons | $158.80 |

0
Explanation: Skadden, Arps will waive this charge.

| Name | Date | Vendor | From | To | Amount |
|---|---|---|---|---|---|
| A. Clark | 1/26/2010 | Cab / Taxi | Four Seasons | SFO | $70.00 |

Explanation: Attorney used taxi service for transportation.

| V. Durrer | 2/24/2010 | The Eagle's Nest | SASMF Wilm. | PHL | $89.70 |

Explanation:  Skadden, Arps will waive this charge.

| V. Durrer | 2/24/2010 | The Eagle's Nest | SASMF Wilm. | Wilm. Train Station | $75.08 |

Explanation:  Skadden, Arps will waive this charge.

| K. Ramlo | 2/14/2010 | Boston Coach Corp | PHL | Doubletree, Wilm | $107.30 |

Explanation:  Skadden, Arps will waive this charge.

| E. Ma | 2/14/2010 | Boston Coach Corp | PHL | Doubletree, Wilm | $107.30 |

Explanation:  Skadden, Arps will waive this charge.

| K. Ramlo | 2/14/2010 | Boston Coach Corp | PHL | Doubletree, Wilm | $107.30 |

Explanation:  Skadden, Arps will waive this charge.

| V. Durrer | 2/14/2010 | Boston Coach Corp | Wilm. Train Station | SASMF Wilm. | $116.64 |

Explanation:  Skadden, Arps will waive this charge.

| V. Durrer | 2/14/2010 | Boston Coach Corp | SASMF Wilm. | PHL | $106.91 |

Explanation:  Skadden, Arps will waive this charge.

| V. Durrer | 2/10/2010 | The Eagle's Nest | Wilm. Train Station | SASMF Wilm. | $57.90 |

Explanation:  Skadden, Arps will waive this charge.

| V. Durrer | 2/4/2010 | Dial Car | JFK | 44 W 44 ST | $111.43 |
| V. Durrer | 2/5/2010 | Dial Car | 885 3 AVE M | JFK | $89.25 |
| V. Durrer | 2/22/2010 | Dial Car | JFK | 356 W 58 ST | $84.82 |
| V. Durrer | 2/12/2010 | Buker Limousine | SASMF Wilm. | PHL | $92.00 |

0
Explanation:  Skadden, Arps will waive this charge.

Response Exhibit 5.

Upon review, Skadden, Arps is willing to reduce the amounts sought in the Final Application by $739.17 which represents the entirety of my January 11-13, 2010 stay at the Royalton and the total miscellaneous charges associated with my January 27, 2010 and February 10-12, 2010 stays at the Sheraton Suites and the Hotel Du Pont. Below, we have provided more detailed information regarding the charges, including certain charges related to the hotel stays. With respect to internet access charges in particular, Skadden, Arps believes that such charges were necessary in order to assist Skadden, Arps professionals in preparing for the various hearings scheduled during this time. The detailed itemization of hotel charges requested in the Report is as follows:

**Attorney**: N. Ishizuka
**Hotel**: The Union League Club                **City**: New York, NY

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 1/15/2010 | 3 | $155.00 | $26.37 | $0.00 | $544.11 |

**Reason for Travel**: Mr. Ishizuka was coincidentally in New York when the need for Japanese-law related assistance arose in connection with the settlement negotiations between Spansion, Inc. and Spansion Japan Limited (the "Settlement Negotiations"). Although Mr. Ishizuka was already scheduled to return to Japan where he resides, he extended his stay in New York to provide that assistance. The company therefore had full access to him without incurring any charges for travel. Under the circumstances, we believe these hotel charges are well justified.
**Explanation of Miscellaneous Charges**: No miscellaneous charges incurred.

**Attorney**: V. Durrer
**Hotel**: Royalton Hotel                **City**: New York, NY

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 1/11/2009 | 2 | $299.00 | $49.62 | $0.00 | $697.24 |

**Reason for Travel**: Mr. Durrer traveled to New York at the Debtors' request to participate in the Settlement Negotiations.
**Explanation of Miscellaneous Charges**: No miscellaneous charges incurred.

**Attorney**: V. Durrer
**Hotel**: Sheraton Suites                **City**: Wilmington, DE

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 1/27/2010 | 2 | $206.10 | $20.61 | $26.94 | $480.36 |

**Reason for Travel**: Mr. Durrer traveled to Wilmington for the deposition of Mr. Furr and to participate in the January 29, 2010 hearing on the Joint Settlement Motion and the Unsecured Creditors' Committee's objection thereto.
**Explanation of Miscellaneous Charges**: Internet Usage Charge: 1 x $9.95; movie: $16.99.

**Attorney**: V. Durrer
**Hotel**: Hotel DuPont                    **City**: Wilmington, DE

| Date: | Nights | Nightly Rate: | Taxes: | Misc. Charges: | Total: |
|---|---|---|---|---|---|
| 2/10/2010 | 1 | $299.00 | $29.90 | $0.00 | |
| 2/11/2010 | 1 | $399.00 | $39.90 | $14.99 | 782.79 |

**Reason for Travel**: Mr. Durrer traveled to Wilmington to participate in the February 11, 2010 hearing on Spansion Japan Limited's Classification Motion.
**Explanation of Miscellaneous Charges:** Movie: $14.99