IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SPANSION INC., et al., | ) | Bank. No. 09-10690(KJC) |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | | |
| JOSEPH RUBINO, | ) | |
| | ) | |
| Appellant, | ) | Civ. No. 13-338-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| SPANSION INC., et al., | ) | |
| | ) | |
| Appellees. | ) | |

Joseph Rubino, San Jose, California; Pro Se Appellant.

Michael R. Lastowski, Esq. and Jarret P. Hitchings, Esq., Duane Morris LLP, Wilmington, Delaware; Kimberly A. Posin, Esq. and Amy C. Quartarolo, Esq., Latham & Watkins LLP, Los Angeles, California; Counsel for Appellees.

**MEMORANDUM OPINION**

October 22, 2013
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Appellant Joseph Rubino filed this bankruptcy appeal on February 11, 2013. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. His appeal is taken from *In re Spansion Inc.*, Bankr. Case No. 09-10690-KJC (Bankr. D. Del.), which was filed March 1, 2009.

## I. BACKGROUND

On January 30, 2008, Rubino filed an action in the United States District Court for the Northern District of California raising employment discrimination claims against ACME Building Maintenance, the GCA Service Group of Texas L.P. Inc., Spansion Inc., the California Department of Industrial Relations, and the California Department of Fair Employment and Housing. (D.I. 13 at A032, A212- A233.) Rubino worked on Spansion Inc. property, but was employed by ACME, which provided services to Spansion Inc. (*Id.*) On March 6, 2008, Spansion filed a motion to dismiss. The motion was granted, and Rubino was given leave to amend. (D.I. 13 at A216-A217, A233.) In turn, Rubino filed a first and second amended complaint. Ultimately, Rubino asserted only one claim against Spansion – a discrimination claim for failure to hire Rubino for a general mechanic position. (D.I. 13 at A89, A244, A226.) Spansion answered and asserted affirmative defenses.

Once Spansion's bankruptcy petition was filed, Rubino's employment discrimination case was stayed as to Spansion pursuant to 11 U.S.C. § 362. (D.I. 13 A226.) On April 20, 2009, Rubino filed a motion for relief from stay (Bankr. Case No. 09-10690-KJC at D.I. 292), which was denied on May 18, 2009. (*Id.* at D.I. 500) The

employment discrimination case proceeded as to the other defendants and, on January 18, 2010, ACME moved for summary judgment, which was granted by the District Court on May 6, 2010. (D.I. 13 at A229, A231, A235-A243.) Judgment was entered against Rubino. He appealed. (*Id.* at A244.) On January 6, 2012, the United States Court of Appeals for the Ninth Circuit affirmed the ruling of the District Court. (*Id.* at A233.) Rubino sought, and was denied, a rehearing; the appeal was terminated, and the case closed. (*Id.* at A250-A251.)

During the pendency of the employment discrimination case, the Office of the United States Trustee appointed an official committee of unsecured creditors for the Chapter 11 cases. (*See* Bankr. Case No. 09-10690-KJC at D.I. 106.) On May 27, 2009, the bankruptcy court entered an Order that established bar dates and related procedures for filing proofs of claims and approved the form, manner, and sufficiency of notice of the bar dates. (Bankr. Case No. 09-10690-KJC at D.I. 554; D.I. 13 at A31). September 4, 2009 at 4:00 p.m. EST was established as the last date and time by which creditors of the Debtors, other than governmental units, could file a proof of claim against the Debtors' estates on account of prepetition claims. (*See id.*; D.I. 11, ex. 6.) The proof of claims were to be filed so as to be actually received by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC at its address in New York. (*See* Bankr. Case No. 09-10690-KJC at D.I. 554)

On June 26, 2009, the Debtors filed schedules of assets and liabilities and statements of financial affairs. (Bankr. Case No. 09-10690-KJC at D.I. 718-729) They were later amended. (*Id.* at D.I. 748-49, 773, 856-861, 920-21 and 3237; *see also* D.I.

3

13 at A208-A211). Spansion's Schedule F (Bankr. Case No. 09-10690-KJC at D.I. 719) and Amended Schedule F (*id.* at D.I. 856) included a contingent, unliquidated and disputed "litigation claim" in an unknown amount for Rubino. On July 16, 2009, Rubino sent a letter to Spansion Inc. Claims Dept. and EPIC Bankruptcy Solutions with an enclosed claim form. (Bankr. Case No. 09-10690-KJC at D.I. 4505)[1] A certificate of service completed by Stephen Carptner indicates that the claims forms were mailed to Epiq's New York address. (*See* D.I. 13 at A014). The claims agent has no record of receiving a proof of claim from Rubino, and Rubino's proof of claim is not recorded in or reflected on the claims register. (Bankr. Case No. 09-10690-KJC at 4518 ex. A.)

On April 7, 2010, the Debtors filed a second amended joint plan of reorganization. (Bankr. Case No. 09-10690-KJC at D.I. 3250) On April 16, 2010, the bankruptcy court entered finding of facts, conclusions of law, and an order confirming the Debtors' second amended joint plan of reorganization. (Bankr. Case No. 09-10690-KJC at D.I. 3334; D.I. 13 at A031.) The plan became effective on May 10, 2010. *Id.*

On December 10, 2012, Rubino filed a motion to allow payment of claim. (Bankr. Case No. 09-10690-KJC at D.I. 4505) The Debtors opposed the motion on the grounds that Rubino never filed the claim, the claim was time-barred, and that Rubino's claim lacked merit, as demonstrated by the District Court's grant of summary judgment against him. (*Id.* at 4518)

---

[1] Rubino's July 16, 2009 letter misspells Epiq's name.

4

On January 4, 2013, counsel for the Debtors wrote and advised Rubino that his motion was set for a hearing on January 22, 2013, and they provided Rubino with the date and time of the hearing. (D.I. 13 at A336-A339.) Rubino was advised that he could appear telephonically if he was unable to appear in person at the hearing. (*Id.*) On January 15, 2013, Rubino filed a declaration that indicated he was aware of the hearing and the call-in procedures used by the bankruptcy court. (Bankr. Case No. 09-10690-KJC at D.I. 4519.) The declaration states that he sent Epic a copy of his proof of claim, the July 16, 2009 letter, and a copy of his employment discrimination lawsuit. (*See id.*) The declaration further states that Rubino called Epiq and was told it had received the claim form, but that it had not been processed. (*Id.*) The declaration further asserts that Rubino was later told by Epiq that the proof of claim could have been lost, and that he should have sent it by certified mail. (*Id.*)

Rubino did not appear at the hearing, either in person or by telephone. (Bankr. Case No. 09-10690-KJC at D.I. 4543.) Nor was the bankruptcy court aware of any communication by Rubino with it, other than his written submissions. (Bankr. Case No. 09-10690-KJC at D.I. 4543 at 7.) The bankruptcy court proceeded to hear the matter. During the hearing the bankruptcy court stated,

> . . . the gist of the response is that Mr. Rubino has no claim. The claims agent having no record of a claim ever having been filed, and along with its objection the reorganized debtors have indicated -- have included materials which show claims have been received. Mr. Rubino indicates in his submission that he did file a proof of claim, but there is no evidence of that, and he's never -- he's not appeared to provide any evidence of that.

(Bankr. Case No. 09-10690-KJC at D.I. 4543 at 5.)

5

The bankruptcy court further stated that it would deny Rubino's request for relief for his failure to appear and prosecute his motion, and for having provided no evidence whatsoever that he has a claim on which the bankruptcy court could order payment even if he had one. (D.I. 13-2 at 102) On January 29, 2013, the bankruptcy court entered a written order that denied Rubino's motion. (Bankr. Case No. 09-10690-KJC at D.I. 4523) On February 11, 2013, Rubino filed a timely notice of appeal from the January 29th order. (Bankr. Case No. 09-10690-KJC at D.I. 4529)

## II. STANDARD OF REVIEW

This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

## III. DISCUSSION

While not set forth specifically, Rubino appears to raise one issue for review: did the bankruptcy court err in denying his motion to allow payment of claim?

A proof of claim is a written statement of a creditor's claim. Fed. R. Bankr. P. 3001(a). In a Chapter 11 proceeding, only creditors whose claims are listed by the debtor as "disputed, contingent, or unliquidated" are required to file proofs of claim. Bankruptcy Rule 3003(c)(2) directs that a creditor so listed must file, and that one who fails to do so will not be treated as a creditor "with respect to such claim for the purposes of voting and distribution." In Chapter 11 proceedings, a bankruptcy court

"shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). The deadline in a given proceeding is referred to as the "bar date." By order dated May 27, 2009, the bankruptcy court set September 4, 2009 as the bar date by which all proofs of claim against any interests in the Debtors had to be filed.

A claimant who does not file a proof of claim by the bar date cannot participate in the reorganization unless the claimant establishes sufficient grounds for the failure to file a proof of claim. *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d. Cir 1995). Except for narrow statutory exceptions, confirmation of the debtor's reorganization plan discharges all prior claims against the debtor. *Id.*

Where a creditor fails to file a formal proof of claim prior to the bar date, courts sometimes permit a claim to proceed on the theory that another document may be deemed an "informal" proof of claim. *See In re American Classic Voyages, Co.*, 405 F.3d 127 (3d Cir. 2005). The Third Circuit has articulated a five-part test to determine whether a document meets the requirements of an informal proof of claim. The document must: (1) be in writing; (2) contain a demand by the creditor on the bankruptcy estate; (3) express an intent to hold the debtor liable for the debt; (4) be filed with the bankruptcy court; and (5) be justified in light of the facts and equities of the case. *See id.* at 131. "In order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'" *Id.* (citation omitted). "[T]he substantive requirements of a proof of claim, including the notice requirement, cannot be significantly relaxed for 'informal' proofs of claims. . . . All proofs of claim

7

must 'conform substantially to the appropriate Official Form.'" *Id.* (citing Fed. R. Bankr. P. 3001(a)). That is, to qualify as an informal proof of claim, a document must contain generally the same substantive information as a formal proof of claim. This information includes the amount of the debt and the date it was incurred. *See id.*

In addition, the bankruptcy court can accept a late claim if the delay resulted from excusable neglect. *See* Fed. R. Bankr. P. 9006(b)(1). "The determination whether a party's neglect of a bar date is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Chemetron Corp. v. Jones*, 72 F.3d at 349. Courts look to four factors to determine excusable neglect: (1) prejudice to the debtors; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). All factors must be considered and balanced; no one factor trumps the others. *See George Harms Constr. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004).

It is unclear whether the bankruptcy court considered any of Rubino's court filings prior to the September 4, 2009 bar date as an informal proof of claim. The only document filed by Rubino prior to the bar date is his motion for relief from the automatic stay with exhibits that included his employment discrimination lawsuit. That filing does not satisfy the requirements for recognition as an informal proof of claim. In particular, the motion does not contain an expression of intent to hold the Debtors liable for any unsecured debt. Rather, Rubino sought to proceed on the employment discrimination

8

lawsuit he filed in the District Court. In addition, construing the motion for relief from the automatic stay as an informal proof of claim would not have been justified in light of the facts and equities of the case. As discussed below, the record reflects that Rubino cannot prevail on the merits of his employment discrimination case.

The hearing transcript reflects that the bankruptcy court considered Rubino's submissions filed in support of his motion to allow payment, but it determined that Rubino did not provide evidence that he filed a proof of claim. Rubino did not rebut the Debtors' evidence that the claims agent had no record that Rubino had timely (or, indeed, ever) filed a proof of claim. The bankruptcy court considered and found that Rubino' had failed to appear and prosecute his motion, and that he had provided no evidence whatsoever that he had a claim on which it could order payment, even if he had filed one. (D.I. 13-2 at 102). Both of these findings are factual in nature; neither of them was clearly erroneous.

While Rubino attempts to excuse his failure to appear at the hearing because he did not have a credit card to set up for a phone appearance, it does not appear that he presented this excuse to the bankruptcy court. The bankruptcy court indicated that Rubino did not contact it to discuss the issue of his appearance at the hearing, either in person or telephonically. It is too late now to present information to this Court that was not presented to the bankruptcy court.

Even had Rubino's claim been considered on its merits, it should have been, and therefore presumably would have been, disallowed for failure to provide sufficient evidence to support its validity.

9

> [T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. . . . The burden of persuasion is always on the claimant.

*In re Allegheny Int'l*, 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted).

Rubino's supporting brief discusses the merits of his employment discrimination case. Rubino's claim was scheduled as a contingent, disputed and unliquidated claim. (*See* D.I. 13 at A209, A211.) The Debtors argue that, even had the proof of claim been timely filed, they would have successfully objected to it, and even had Rubino appeared at the hearing, he would have failed to provide evidence that resulted in a contrary outcome.

Rubino's only claim against Spansion in the employment discrimination litigation is that Spansion discriminated against Rubino on the basis of race when it did not hire him for the position of general mechanic. (D.I. 13 at A035.) Spansion answered and denied the allegations. When co-defendant ACME sought summary judgment on the race discrimination claim, the District Court found that Rubino failed to establish a prima facie case of racial discrimination, noting that he did not establish that he performed his

job satisfactorily and did not establish that he was treated differently from others.[2] (D.I. 13 at A241-242.) The finding goes to the heart of Rubino's racial discrimination claim against Spansion and eviscerates any potential claim against the Debtors.

In light of the foregoing, the Court concludes that the bankruptcy court committed no error, and therefore finds that the bankruptcy court properly denied Rubino's motion.

## IV. CONCLUSION

For the reasons explained, the bankruptcy court's order is affirmed, and the appeal therefrom is dismissed.[3]

An order consistent with this opinion will be issued.

---

[2] When the Debtors filed their opposition to Rubino's motion to allow payment, they asked the bankruptcy court to take judicial notice of the documents filed in the District Court case, including the order granting defendant ACME's motion for summary judgment. (D.I. 13 at A35.)

[3] While there also may be merit to Appellees' argument that Rubino is not an "aggrieved person," it is not necessary to decide that issue given that the bankruptcy court's order is affirmed on other grounds.

11